BOGDAHN ET AL *v.* PASCAGOULA STREET RAILWAY & POWER COMPANY.

[79 South. 844, Division A.]

1. RELEASE. *Joint tort-feasors. Covenant not to sue. Effect.*

Where in a suit for death of a lineman of a telephone company against both the telephone company and the power company as joint tort-feasors, before the case came to trial, the plaintiffs entered into a contract with the telephone company in consideration of seven thousand, five hundred dollars paid by the telephone company, to dismiss their suit against it and not to further prosecute for damages growing out of said injury, and the case then proceeded against the power company. In such case, the jury should credit to the power company the amount paid by the telephone company, in making up this verdict.

2. SAME.

In such case, the jury could find that plaintiff had been fully compensated for the injury by the payment already made by the telephone company.

3. SAME.

In such case, the payment of the seven thousand, five hundred dollars by the telephone company and the covenant not to further sue it, was a release of the telephone company, but not of its joint tort-feasor, the power company, except *pro tanto.*

4. RELEASE. *Joint-tort-feasors. Part payment by one.*

Any amount paid by a joint tort-feasor which is not paid and received as a full statement of the claim for damages, is to go only as payment on the claim for damages, and is not a bar to suit against any other joint tort-feasors.

APPEAL from the circuit court of Jackson county. HON. J. H. NEVILLE, Judge.

Suit by Charles Bogdahn and others against the Pascagoula Street Railway & Power Company. From a judgment for the named defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*M. W. Reilly* and *Denny & Heidelberg,* for appellant.

Counsel next contend that there was a full and complete settlement between the telephone people and the appellant, which, as a matter of law released appellees.

Counsel cite a number of authorities upon that point. The question is settled in this state. See *Bailey* v. *Delta Light Co.,* 38 So. 354; *Nelson* v. *I. C.,* 53 So. 619, 98 Miss. 295; *Illinois Central* v. *Clark,* 85 Miss. 687, 38 So. 97; *Saw Mill* v. *Bright,* 77 So. 97; *Bright* v. *Finkbine Lbr. Co.,* 77, So. 316.

The rule in this state is that joint tort-feasors may be sued jointly or severally, and nothing but full satisfaction will release one when the other is released. However, a party is entitled to but one settlement and when one or two or more joint tort-feasors pay a party in full for the damages which he has sustained, then such party can recover nothing more from the other tort-feasor or tort-feasors. In other words, where there is but one injury, there can be but one full satisfaction. This rule is so clearly laid down in this state that we will not attempt to discuss it. The rule in some other states is different from the rule here, but since our court has settled the question in this state, we will not discuss the rule in other states.

In the *Baily case,* in 38 Southern Rep., Judge TRULY points out the fact that other rules prevail in other states, but that in this state, nothing but full satisfaction will release joint tort-feasors.

We will not further discuss what the proof is in regard to the covenant not to sue, as we have hereinbefore done, and now content ourselves with requesting the court to carefully read the written agreement between the parties and the testimony of the attorney for the appellant who consummated the transaction with the telephone company.

We submit that there is a clear distinction between a covenant not to sue and a partial release. See 34 Cyc., page 1084-85, where the rule is clearly laid down that: "Effect of Convenant or Agreement not to Sue: A convenant or agreement not to sue one joint and several debtor does not release the other debtors, and is not pleadable in bar, because such an instrument neither extinguishes the obligation and therefore does not bar a suit to recover it, nor does it effect the right of subrogation, except *pro tanto,* for the consideration received, for a covenant by C not to sue A contains no promise that C will not proceed against B."

A number of said decisions are cited in said work which sustain the principle.

*White & Ford,* for appellees.

The next point relied upon by us is: That there was a full, complete settlement and satisfaction of the cause of action between the telephone company and appellants by which they received seventy-five hundred dollars, and this satisfaction, as a matter of law, released appellee from further liability in this cause, even if appellee were liable originally.

The doctrine that a settlement with one joint tortfeasor releases another is universally recognized. The declaration in this case stated a case of joint tort-feasance, and if the proof showed any liability on appellee, then it is proper to say that the evidence likewise established a case of joint tort-feasance between the telephone company and appellee.

On this question, see the following decision: *Abb* v. *Railroad,* 58 L. R. A. 293, and note thereunder: "A release for a consideration paid by one of two persons jointly liable for personal injury to another from further liability to respond for such injury, released the other also, although there is an express stipulation that it

shall not have that effect.'' See also the following authorities on the same point:''

The test is whether there was joint negligence: *Conway* v. *Traction Co.*, 97 Atl. (Pa). 1058, 23 A. S. R. 29. The release of one joint tort-feasor releases all. *Ingram* v. *Carrollton*, 152 Pac. (Ore). 256, 22 Am. Dig. R. 29. Where there is but one injury by joint tort-feasor, there can be but one satisfaction. *Trading Co.* v. *Trading Co.*, 136 C. C. A. —, 9 Cir. 389. Where one of two joint tort-feasors is released, the release frees the other from liability: *Wagner* v. *Railroad*, 106 N. E. 809 (Ill.) 20 Am. Dig. Release, 29.

The release of one of several wrong-doers from liability, releases his co-defendants, although the release recites that it is not claimant's intention that it shall so operate.

*Flynn* v. *Manson*, 126 Pac. (Cal.), 181, 15 Am. Dig. R. 29;

*Gore* v. *Henrotin*, 165 Ill. App. 222, 15 Am. Dig. R., 29. The release of one joint trespasser is the release of all, irrespective of the intention of the parties. Mich. case, 17 Dec. Dig. Release, 29.

In case of joint tort-feasance, satisfaction by any one liable, discharges the claim for damages as the injured person is legally entitled to but one satisfaction. *Rogers* v. *Cox*, 50 Atl. (N. J.), 143; 17 Dec. Dig. 29; *Naph* v. *Roche*, 94 N. Y. 329.

The instrument executed between appellants and the telephone company appears at pages 99 to 100, this record, and we invite the court's careful perusal of the document as well as the testimony of H. P. Heidelberg and M. W. Reilly, who undertook to explain what it meant.

The instrument provided: (1) That appellants would dismiss the suit they had already filed against the

telephone company and apellee, as far as the telephone company was concerned.  (2) That appellants would not enter any further suit against the telephone company. (3) That the instrument should not inure to the benefit of appellee.  (4) And that it was not intended as a satisfaction or release of appellants' right of action against the appellee and agreement to dismiss the suit.

It will be noted that the instrument nowhere says that it shall not be construed as a release of or settlement with the telephone company, nor does it say that the seventy-five hundred dollars which the telephone company paid, should not release the telephone company from further liability.

In conclusion, we submit that the proof really shows that the telephone company had been released *in toto*, and this release operated as a matter of law to release appellee.  If we are not correct in this, certainly it was a matter for the jury to decide, under the instructions of the court, and the jury was fully and fairly instructed on this theory at the instance of both parties.

HOLDEN, J., delivered the opinion of the court.

Appellants, as next of kin, entered suit against the Cumberland Telephone & Telegraph Company and the appellee Pascagoula Street Railway & Power Company as joint tort-feasors, for damages for the death of Herman Bogdahn, who was electrocuted by one of the electric wires belonging to the appellee Pascagoula Street Railway & Power Company.  It was alleged that the death of Herman Bogdahn was caused by the negligence of the appellee street railway company in maintaining a defective and dangerous uninsulated wire heavily charged with electricity close to one of the poles of the telephone company on which the deceased employee of the telephone company was required to work.  The record shows the facts and circumstances of the killing are practically undisputed, and that the appellee Pas-

cagoula Street Railway & Power Company was apparently guilty of negligence in maintaining the deadly electric wire within eighteen inches of the telephone pole, about ten feet below the cross-arms, with knowledge of the fact that the employees of the telephone company would climb the pole and come in close proximity to the deadly wire in the performance of their duties as linemen of the telephone company; at the time deceased was electrocuted, he was performing the duties of his employment as lineman and was on the pole with his body between the pole and the defective, deadly electric wire; he had a telephone wire in his hand, the other end of which touched the ground, and his clothes were wet from the rain; while in this position, the witnesses testified, the electric wire "grabbed him," and he was burned to death. The case was submitted to the jury, which returned a verdict in favor of the defendant Pascagoula Street Railway & Power Company, from which verdict and judgment the plaintiffs below appeal here.

It appears that, before the trial of this case in the lower court, a covenant was entered into between the Cumberland Telephone & Telegraph Company and the appellants, whereby appellants, in consideration of seven thousand five hundred dollars paid to them by the telephone company, agreed to dismiss and not to further prosecute the suit, nor prosecute any other suit, against the Cumberland Telephone & Telegraph Company for any damages or claim whatsoever growing out of the death of the said Herman Bogdahn. The case then proceeded against the appellee Pascagoula Street Railway & Power Company, who, it is alleged, was a joint tort-feasor with the telephone company in the negligent killing of the deceased.

The principal contention of appellants here, and the only one that merits notice, is that the lower court erred in not granting a peremptory instruction to the jury to find for the plaintiffs below because the uncontradicted

118 Miss.—43

testimony in the case showed that the appellee Pascagoula Street Railway & Power Company was guilty of negligence causing the death of Herman Bogdahn; that there was no question of liability for the jury to pass upon, and therefore the court erred in permitting the jury to pass upon the question of negligence *vel non.*

It is urged by appellants that we should reverse the judgment of the lower court because a peremptory instruction to find for the plaintiffs was not given by the court, whereas, it appears, and is admitted by the appellants, that no peremptory instruction for plaintiffs was asked in the lower court. However, counsel urge that this court should review this case and reverse on the ground that the verdict of the jury was contrary to the law and the evidence, and that this assignment of error is sufficient for a review of the case on the record, even though a peremptory instruction was not refused as it was not asked for.

We believe the point advanced by appellants might be sustained by us on the ground that the verdict of the jury was contrary to the law and the evidence, if this were a case in which the finding of the jury was manifestly contrary to the law and facts. But such is not the case before us. Conceding, for the purpose of discussion, the undisputed proof shows that appellee Pascagoula Street Railway & Power Company negligently caused the death of Bogdahn and there was no question of negligence to submit to the jury, and that the seven thousand five hundred dollars paid by the joint tortfeasor, telephone company, to appellants was merely for a covenant not to sue the telephone company and that this amount of money was not paid in full satisfaction of all damages; and conceding further that the written covenant not to sue the telephone company could be explained by oral testimony, as was done in this case, and that the jury had no right to pass upon the disputed fact as to whether the covenant was a full release or a covenant not to sue, and that the payment by the joint

tort-feasor, telephone company, was merely an agreement
to forbear as to it—conceding all these things contended
for by appellants, we are unable to say the verdict of
the jury was contrary to the law and the evidence, be-
cause the jury were properly instructed that, if they
believed from the evidence the appellee Pascagoula
Street Railway & Power Company was guilty of negli-
gence in causing the death of Herman Bogdahn, they
should, in assessing the damages, allow a credit of the
seven thousand five hundred dollars to the appellee in
the amount assessed against appellee as damages in the
case.   In other words, if the jury believed that the
seven thousand five hundred dollars paid to appellants
by the telephone company was sufficient to compensate
appellants in full for all damages for the death of the
deceased, then the verdict of the jury should have been
for the defendant, even though they believed that ap-
pellee was liable as a joint tort-feasor; thereby finding
that the amount due appellants as damages for the death
was no more than seven thousand five hundred dollars,
the amount already paid appellants by the joint tort-
feasor, Cumberland Telephone & Telegraph Company.
,The jury had a right to find that appellants had been
fully compensated for the one injury by the payment
of the seven thousand five hundred dollars by the joint
tort-feasor, telephone company, for the joint negligence
of appellee and the telephone company.   For all we
know, this was the conclusion reached by the jury in this
case.   At all events, we cannot say from the record that
the jury did not base their finding upon the conclusion
that the seven thousand five hundred dollars already
paid by the telephone company was sufficient and full
compensation to the appellants as damages for the one
cause or injury.   The jury certainly had a right to reach
this conclusion under the law and the facts, and probably
did so; and we cannot disturb the verdict on the ground
that it was contrary to the law and the evidence.

The payment of the seven thousand five hundred dollars and covenant not to sue entered into between appellants and the joint tort-feasor, Cumberland Telephone & Telegraph Company, amounted to a surrender of appellants' right of action against the telephone company for damages; however, this was only a release from suit of the telephone company, one of the joint tort-feasors, but it was not a release of the other tort-feasor, appellee, except *pro tanto.*

This court has held that there is no release of joint tort-feasors unless there be a settlement by full compensation for the injury inflicted. Any amount paid by a joint tort-feasor, which is not paid and received as a full settlement of the claim, is to go only as a payment on the claim for damages, and is not a bar to suit against any other joint tort-feasor. *Washington Bailey* v. *Delta Electric Light, Power & Mfg. Co.,* 86 Miss. 634, 38 So. 354; *Sawmill Const. Co.* v. *Bright,* 116 Miss. 491, 77 So. 316; *Louisville & Evansville Co.* v. *Barnes, Adm'r,* 117 Ky. 860, 79 S. W. 261, 64 L. R. A. 574, 111 Am. St. Rep. 273.

Judgment of the lower court is affirmed.

*Affirmed.*