Isidor A. Luft
vs.
Factory Mutual Liability Insurance Co. of America } No. 80143

Morris Small
vs.
Factory Mutual Liability Insurance Co. of America } No. 80144

January 5, 1930.

HAHN, J. Actions of the case for negligence, heard without the intervention of a jury.

Plaintiffs were injured on November 6, 1926, while riding as passengers in an automobile, driven by one Horace Pernere, which came into collision with another automobile, owned and driven by William P. Barstow. Both automobiles were driven by residents of Connecticut and the place of the accident was in Connecticut.

Plaintiffs brought suit' in Rhode Island against Barstow and the writ returned "non est inventus," or defendant not found. Thereupon, suit was commenced under the provisions of General Laws, Chapter 258, Section 7, against the Automobile Mutual Insurance Company of America, in which plaintiff understood defendant was insured. A non-suit was granted in this case when it was shown that the insurance company named was not the insurer of the driver of the automobile in question.

Suit was commenced against the present defendant, the contract of insurance having been entered into in Rhode Island, within two years of the time the sheriff made the return of "non est inventus," but not within two years of the time of the accident. The accident occurred November 6th, 1926; the writ was returned non est inventus on August 22, 1927. The suit against the present defendant was commenced April 26, 1929.

Defendant claims the suit should have been brought within two years of the accident, and not having been brought within that time is barred by the statute of limitations.

The statute in this state with reference to the liability of stockholders for the debts of a corporation is similar to the statute (General Laws, 1923, Chapter 258, Sec. 7) under which this suit is brought, in that the moving party must first proceed against the corporation before he can seek his remedy against the stockholder. Under the statute in the present case he must first proceed against the insured and if the writ is returned "non est inventus," he may then, and not until then, have his remedy against the insurer. Under earlier statutes the insured and insurer could be joined in one action (Public Laws, Chap. 1268) and so could the stockholder and the corporation.

With the change in the statute, so that a creditor must sue the corporation first, the Court was called upon to determine whether the statute of limitations began to run in favor of the stockholder with the happening of the event or not until the remedy against the corporation had been exhausted. The Court said:

"When Judge Durfee, in *Moies* vs. *Sprague*, 9 R. I. 541, said the obligation was primary and direct, the law gave the creditor the right to sue the stockholder simultaneously

with the corporation. The remedy was direct and immediate, and hence the obligation was properly called primary. When the remedy was changed, while the stockholders remained liable for the same debts in the same amount and for the same omissions as before, the Court might well say, as In re Penniman, 11 R. I. 333, that the essential character of the obligation had not been changed; though, since the recourse of the creditor to the stockholder had been limited to a circuitous proceeding instead of a direct one, the obligation with respect to the remedy could no longer be called primary and direct.

The statutes of limitations likewise affect remedies not obligations.

The creditor under our statute cannot bring debt on judgment until he has obtained the judgment; and when his right of action accrues, the statute of limitations begins to run against him."

*Kilton, Warren & Co.* vs. *Prov. Tool Co.*, 22 R. I. 605, 611.

In the present case the plaintiff has no right of action against the insurer of Barstow except that given by statute and the statute lays down the conditions upon which the remedy is given. Plaintiff has no election but must proceed as per statute and has no right of action against the insurer until the return of the process, against the insured, "non est inventus." Then his right against the insurer begins, i. e. accrues. This the Court held in an Oklahoma case which was an action in the nature of a creditor's bill.

*Blackwell* vs. *Hatch*, 13 Okla. 169, 172.

As the plaintiff was not in a position to commence the suit against the insurer at the time of the accident but only after the writ in the first suit had been returned "non est inventus," the right of action against the insurer must have accrued at the latter time and the statute of limitations commenced to run.

This finding makes it unnecessary to consider the other points raised relative to the running of the statute, and brings up the matter of liability and damages.

The accident occurred near Plainfield, Connecticut, at the junction of Main and Academy Streets. The driver (Horace Pernere) of the automobile which had picked up plaintiffs "to give them a lift" was going north on Main Street, while defendant's insured (William P. Barstow) the driver of the other car, was going west on Academy Street, intending to turn south on Main Street at the intersection.

Barstow's testimony is to the effect that he, when 25 to 30 feet from the intersection, saw the other automobile 150 to 200 feet away, approaching from the south on Main Street at perhaps 35 to 40 miles per hour, and that he believed he had time to cross ahead of it, and proceeded to do so at a speed of 15 to 20 miles per hour, and ran nearly across Main Street, then turned left and proceeded about 30 feet south when the other machine crossed from the easterly to the westerly side of Main Street and ran in front of his machine, striking it and turning it over, after which the other automobile ran some 25 feet and tipped over on the westerly side of Main Street south of Academy Street.

The second car was driven by Horace Pernere, who testified that he was proceeding northerly on Main Street at 15 to 20 miles an hour, and that Barstow came out of Academy Street very suddenly and "cut the corner," and that in an attempt to avoid striking the Barstow car, Pernere passed in front of it and was struck by it, at or near the right rear of his car which finally tipped over.

If Barstow is correct and he had passed across the intersection of his own side of the road and completed his left turn and proceeded 25 to 30 feet south on the new course, Pernere would not have collided with him

whatever Pernere's speed, since the intersection would have been clear for Pernere to cross. Of course, Pernere might have wilfully or inexplicably left his own side of the road, but the evidence does not justify any such assumption, and had he, in fact, done so Barstow undoubtedly would have swerved to the right, even off the road, to avoid a collision, or, if unable to avoid it altogether, would have been struck head-on or on his left side by the Pernere car. The evidence shows that Pernere did not run into the Barstow car but that the latter ran into the Pernere car, striking it near the rear on its right side; a most improbable result if the accident happened as Barstow claims, but a very natural result if (1) Pernere had nearly crossed the intersection and Barstow in entering it was unable to stop, or if (2) as Pernere was about to enter the intersection Barstow suddenly "cut the corner" leaving little or no room for Pernere to pass behind him and so causing Pernere on the spur of the moment to try to cross in front of him. In view of the position of the cars after the accident, the latter view seems the most probable one, for view No. 1 places the cars north of the southerly side of Academy Street at the moment of collision and assumes Barstow to be proceeding due west, or "straight across" as he claims he went, which would leave the cars after the collision still north of the line, no force having been exerted in a southerly direction. If Barstow cut the corner, he was negligent and lost whatever right of way his position in approaching from the right gave him. The statute can hardly give such a right of way that the party having it may be negligent in crossing.

According to his own testimony, Barstow drove onto the main road, upon which he had already seen a car approaching at from 35 to 40 miles an hour. At the time he saw the other car, his car was under full control,

proceeding very slowly, and it was negligence on his part to drive upon the main road under these circumstances. If Pernere was guilty of contributory negligence, it is not imputable to the plaintiffs who were mere passengers.

*Tower* vs. *Camp, et al.*, 103 Conn. 41;

*Hermann* vs. *R. I. Co.*, 36 R. I. 447;

*O'Donnell* vs. *U. E. R.*, 48 R. I. 18.

As to the damage, the evidence shows the plaintiffs received no broken limbs or bones and suffered no injuries likely to create any permanent disability. Both were badly shaken up, bruised and cut, and undoubtedly suffered considerable shock and discomfort. The accident happened in Connecticut and is to be adjudged, so far as substantial rights are concerned or the amount of the recovery, by the law of that state.

*Winslow* vs. *Brown*, 7 R. I. 95.

The plaintiff Luft has already received $700 from the insurer of Pernere, and the other plaintiff, Small, the sum of $250 from the same source. These sums reduce the damages in the present case pro tanto.

"If part satisfaction has already been obtained, further recovery can only be had of a sufficient sum to accomplish satisfaction. Anything received on account of the injury inures to the benefit of all, and operates as payment pro tanto. This is the familiar rule where consideration has been received in return for covenants not to sue or in part payment, and it is the logical and reasonable one."

*Dwy* vs. *Connecticut Co.*, 89 Conn. 74.

And see *O'Neil* vs. *National Oil Co.*, 231 Mass. 20; *Heyer Bros.* vs. *Carr, et al.*, 6 R. I. 45; *Bogdahn* vs. *Pascagoula St. Ry. Co.*, 118 Miss. 668; *Stusser* vs. *Mutual Union Ins. Co.*, 127 Wash. 449.

We find the plaintiff Luft has suf-

fered loss and damage to the extent of $1800, against which is to be credited the sum of $700 already received. The plaintiff Small is awarded $700, against which is to be credited $250 already received.

Decision for the plaintiff Luft for $1100 and for the plaintiff Small for $450.

For plaintiff: Baker & Spicer, Walter I. Sundlun.

For defendant: Sherwood, Heltzen & Clifford.