352 So.2d 1083 (1977)
Georgia Ann WOOD
v.
Sarah M. WALLEY.
No. 50071.
Supreme Court of Mississippi.
December 14, 1977.
*1084 Cumbest & Cumbest, John L. Hunter, Pascagoula, for appellant.
Greaves & Terry, Ben E. Sheely, Gulfport, for appellee.
Before the Court En Banc.
SUGG, Justice, for the Court:
In our original opinion we held that defendant was entitled to a sudden emergency instruction. On petition for rehearing we have concluded that this holding was in error; accordingly, the former opinion is withdrawn and the following substituted therefor.
Plaintiff, Georgia Ann Wood, sued Sarah M. Walley and Esther Clark in the Circuit Court of Jackson County for injuries received in an automobile collision. Before the trial, plaintiff entered a non suit against Esther Clark upon her promise to pay plaintiff $5,000. The case went to trial against the remaining defendant, Sarah M. Walley, and the jury found for the defendant. Plaintiff alleged that Sarah M. Walley, defendant, was negligent because she failed to keep a proper lookout, failed to keep her vehicle under control and failed to exercise ordinary, reasonable care to avoid striking plaintiff when she knew, or should have known, that plaintiff was in a position of peril, and failed to keep her car at a reasonably safe distance behind plaintiff's automobile.
Plaintiff assigns as error the following:
1. The trial court erred in failing to grant a peremptory instruction and motion for judgment notwithstanding the verdict of the jury.
2. The trial court erred in failing to grant a motion for a new trial because the verdict of the jury was against the overwhelming weight of the evidence.
3. The trial court erred in permitting Dr. Robert Donald to testify to hearsay evidence.
4. The trial court erred in granting defendant a sudden emergency instruction.
Plaintiff was injured October 28, 1975 as a result of a collision when the car she was driving was struck by a car driven by the defendant. The collision occurred at the intersection of Old Mobile Highway and Eden Street in Pascagoula. Plaintiff and defendant were driving north on Eden Street and both drivers stopped at the intersection. At the time traffic was being directed by a policewoman who signaled for traffic on the Old Mobile Highway to stop. The policewoman then directed plaintiff and the cars behind her to proceed north across the intersection. In response to the signal by the policewoman plaintiff, defendant, and a third car immediately behind them proceeded north into the intersection. After plaintiff traveled about twelve feet into the intersection, she stopped her car suddenly to avoid a collision with a vehicle traveling west on the Old Mobile Highway which sped through the intersection against the signal of the police officer. When plaintiff stopped her car it was struck in the rear by the car operated by the defendant. Plaintiff testified that, when she saw the oncoming vehicle on Old Mobile Highway, she braked gently and came to a complete stop and was traveling not over five to ten miles per hour before stopping. Defendant testified that she was never any farther than six feet behind plaintiff's car after stopping at the intersection, and that she was approximately three feet behind plaintiff's car when she saw plaintiff apply her brakes. Defendant first saw plaintiff's brake lights and then noticed the speeding vehicle passing through the intersection. Defendant's car did not skid when she applied her brakes and in explanation of the accident stated that she was not able to stop before colliding with plaintiff's car and "supposed she did not have her car under constant control" before striking plaintiff's car. Defendant further testified that the brakes on her car were in good working order.
On these facts plaintiff contends that she was entitled to a peremptory instruction and, at the very least, the jury verdict was against the overwhelming weight of the evidence. Defendant admits that plaintiff received injuries but contends it is questionable *1085 whether her injuries are as serious as contended by the plaintiff. Defendant further argues that the testimony created an issue for the jury to determine whether plaintiff had been adequately compensated for the injuries by the $5,000 which she was to receive from Esther Clark; therefore, the peremptory instruction was properly denied.
The principle that one joint tort-feasor is entitled to credit when another tort-feasor has settled or paid the injured party is well established in our jurisprudence. In Bogdahn v. Pascagoula Street Railway & Power Company, 118 Miss. 668, 79 So. 844 (1918); 50 A.L.R. 1082n, Bogdahn was electrocuted by an electric wire belonging to the power company while performing his work for the Cumberland Telephone Company. The telephone company settled the case against it by payment of $7,500 and the jury returned a verdict for the power company. Bogdahn urged on appeal that the verdict of the jury was contrary to the law and evidence. In this case the court stated, conceding that the power company was negligent and there was no question of negligence to submit to the jury, that:
[W]e are unable to say the verdict of the jury was contrary to the law and the evidence, because the jury were properly instructed that, if they believed from the evidence the appellee Pascagoula Street Railway & Power Company was guilty of negligence in causing the death of Herman Bogdahn, they should, in assessing the damages, allow a credit of the seven thousand five hundred dollars to the appellee in the amount assessed against appellee as damages in the case. In other words, if the jury believed that the seven thousand five hundred dollars paid to appellants by the telephone company was sufficient to compensate appellants in full for all damages for the death of the deceased, then the verdict of the jury should have been for the defendant, even though they believed that appellee was liable as a joint tort-feasor; thereby finding that the amount due appellants as damages for the death was no more than seven thousand five hundred dollars, the amount already paid appellants by the joint tort-feasor, Cumberland Telephone & Telegraph Company. The jury had a right to find that appellants had been fully compensated for the one injury by the payment of the seven thousand five hundred dollars by the joint tort-feasor, telephone company, for the joint negligence of appellee and the telephone company. For all we know, this was the conclusion reached by the jury in this case. At all events, we cannot say from the record that the jury did not base their finding upon the conclusion that the seven thousand five hundred dollars already paid by the telephone company was sufficient and full compensation to the appellants as damages for the one cause or injury. The jury certainly had a right to reach this conclusion under the law and the facts, and probably did so; and we cannot disturb the verdict on the ground that it was contrary to the law and the evidence. (118 Miss. at 675, 79 So. at 845, 846).
A jury has the right to find for the defendant if they believe that plaintiff has been fully compensated for the injuries by a joint tort-feasor even though defendant is guilty of negligence contributing to the injury. We therefore hold the court properly denied the requested peremptory instruction and the motion for judgment notwithstanding the verdict.
With reference to the second assignment of error that the verdict of the jury was against the overwhelming weight of the evidence, we cannot say from the record that the jury did not base its finding upon the conclusion that the $5,000 to be paid by Esther Clark was sufficient compensation for plaintiff for her injury. As stated in Bogdahn, the jury had a right to reach this conclusion under the law and facts; therefore, we cannot disturb the verdict on the ground that it was contrary to the law and evidence.
The third assignment of error dealing with hearsay testimony of Dr. Donald requires reversal because the hearsay was *1086 critical on the issue of whether plaintiff was injured in this collision. On cross examination Dr. Donald was asked to read a report written by Dr. Bailey of his examination of plaintiff on June 10, 1975, which was four months before the collision. Dr. Bailey was employed by the Braumhauer-Donald Clinic on June 10, but did not testify. He was living in Minnesota at the time of the trial.
Dr. Donald testified that he was a partner in the Braumhauer-Donald Clinic and that Dr. Bailey was a former employee of the clinic. He was permitted, over the objection of plaintiff, to read from the records of the clinic, the medical history given by plaintiff to Dr. Bailey on June 10. Dr. Donald testified with reference to the office visit by plaintiff on June 10 that a nurse noted in writing at the top of the report that the plaintiff was complaining of "pains in the neck and shoulder." Over the continuing objection of plaintiff Dr. Donald was allowed to read the notes of Dr. Bailey with reference to the examination of plaintiff as follows:
In reading from the notes on 6/10/75 on Mrs. Georgia Wood, birth date, 11/2/44 ... `30 year old white female complaining of pain in her neck and skull for two to three months, pain begins in the back of the neck and radiates into the shoulders. May occur . ..' I'm not certain what that word is. `... when she has to hold her head up . . hold her neck up. No pain` or paresthesia in arms and hands. No history of trauma. Applying pressure sometimes helps neck. Sitting up straight makes pain worse and she takes Anacin for it. Physical examination reveals some spasms or MS of the trapezius ...' That's muscle spasm of the trapezius, I presume. His impression was, `muscle spasms secondary to ...' I think the word is tendonitis ... or tension. I'm not certain what that word is. I can't be certain what the spasm is secondary to. It's either tension or ... It's got the same number of letters that tension would have in it.
This was clearly hearsay testimony and we have held in several cases that an expert witness may not base his testimony on the reports of other doctors not in evidence. Vick v. Cochran, 316 So.2d 242 (Miss. 1975); Dennis v. Prisock, 221 So.2d 706 (Miss. 1969); City of Laurel v. Upton, 253 Miss. 380, 175 So.2d 621 (1965); Wild v. Bass, 252 Miss. 615, 173 So.2d 647 (1965).
Our holding in City of Laurel v. Upton, supra, that a defendant had the right to cross examine a physician relative to any matters which he used and considered in reaching his opinion, and to introduce such matters into evidence, does not apply in this case because Dr. Donald's opinion about the physical condition of the plaintiff, unlike the opinion of the physician in City of Laurel, was not based on another physician's report, but was based on his personal examination of plaintiff following the collision.
Defendant also contends that the notes of Dr. Bailey were admissible under our holding in City of Bay St. Louis v. Johnston, 222 So.2d 841 (Miss. 1969). However, this case has no application because the notes at issue there were hospital records which are required to be kept by statute.
The fourth assignment of error is that the court should not have allowed defendant a sudden emergency instruction. In several cases we have set forth the conditions that must be met before a defendant is entitled to a sudden emergency instruction. These have been stated as follows: (1) The motorist seeking the instruction must be driving in a reasonable and prudent manner; (2) the driver must be suddenly confronted with an unexpected and sudden emergency; (3) the emergency cannot be created or contributed to by the negligence or the wrongful conduct of the driver claiming the benefit of the rule; (4) the driver must be placed in a position of peril to himself; (5) the driver cannot have sufficient time in which to determine by rational deliberation the best alternative; (6) and that the degree of care to be weighed by the jury under the said emergency doctrine is that which a reasonably prudent and capable driver would use under *1087 the "unusual" circumstances brought about by the sudden emergency. Lum v. Jackson Industrial Uniform Service, Inc., 253 Miss. 342, 175 So.2d 501 (1965); Peel v. Gulf Transport Co., 252 Miss. 797, 174 So.2d 377 (1965); Moore v. Taggart, 233 Miss. 389, 102 So.2d 333 (1958).
In Peel, supra, we stated:
The doctrine of sudden emergency is a legal defense to an alleged failure to use due care. It is in the nature of a confession and avoidance. It is the rule of expedient action under compulsion and stress of impending danger. It is a confession of having done acts, or having failed to perform a duty, which, under ordinary circumstances, would have constituted negligence, but which done or omitted under the stress of sudden peril were in fact acts or omissions of a reasonably prudent man acting under the same or similar circumstances. (252 Miss. at 815, 816, 174 So.2d at 385).
We have concluded that, although the question is close, defendant was not entitled to a sudden emergency instruction simply because she was complying with the signal of the traffic officer to proceed when another automobile suddenly entered the intersection against the signal of the traffic officer.
REVERSED AND REMANDED.
PATTERSON, C.J., INZER, SMITH, P.J., and ROBERTSON, WALKER, BROOM, LEE and BOWLING, JJ., concur.