SMITH, Presiding Justice,
for the Court:
Mrs. Amy S. Quave was involved in a three-vehicle collision in which she received certain physical injuries. She settled with James A. Bobbett, driver of the automobile making the initial contact, for $3,000, and brought suit for damages against Pat Fore and Jackie E. Monasco, whose vehicle was also involved in the accident.
The case was tried in the Circuit Court of Harrison County and the jury returned a verdict for “zero” dollars. On motion, the trial court granted a new trial on damages only and Fore and Monasco appeal.
Proof of Mrs. Quave’s injuries supports the view that, while painful, they were of a temporary nature, and her own doctor testified that when he examined her some two and one-half years after the accident, he found her to be suffering from osteoarthritis which he attributed to the aging process, and said that he made no examination as to any complaint which she had made to him following the accident.
Moreover, without objection, the trial court correctly granted the following instruction:
The Court instructs the jury that if you return a verdict for the Plaintiff against these Defendants, you must take into consideration and deduct from any award of damages to which you find that the Plaintiff is entitled from a preponderance of the evidence, any amounts which have previously been paid to the Plaintiff by any party as a result of this collision, and if you further find that the Plaintiff had been fully compensated for any injuries which you find she may have sustained, then you should not award any damages against these Defendants.
See Wood v. Walley, 352 So.2d 1083 (Miss.1977).
Evidence concerning the manner in which the collision occurred would have been capable of supporting a jury finding that Fore and Monasco were victims, rather than the cause of the collision, and that it had been *M brought about by Bobbett from whom Mrs. Quave had collected $3,000 in settlement of his liability.
The record shows that after the jury had deliberated, it returned to the courtroom where the following occurred:
BY THE COURT: Mr. Everett, I see you have a piece of paper. Have you reached a verdict?
BY THE JUROR: We have, Your Honor.
BY THE COURT: All right. Hand it to the Bailiff. Under our system, the Judge has to look at it and the Clerk reads it. All right, sir. (Looking at the verdict.) What are these two pieces of paper for?
BY THE JUROR: That’s the monetary amount, sir.
BY THE COURT: Sir?
BY THE JUROR: That’s the monetary amount, on two pieces of paper, written in different expressions.
BY THE COURT: You all come here. (Off-the-record discussion at the Bench, between Court and Counsel.)
BY THE COURT: I don’t believe your verdict is complete. It’s got to be all in one thing, so I’ve got to send you back to correct your verdict. All right. Thereafter, being at 8:09 P.M., the Jury again retired to the Jury Room to correct the verdict, as stated to them by the Court.
Shortly thereafter, the jury again returned to the Courtroom and, at that time, it was determined that they had a verbal question for the Court, and the following proceedings were then had:
BY THE COURT: What you’ve got to do, you’ve got to write it down, Mr. Everett, and I’d have to answer it in writing. That’s the way I have to do it now. BY THE JUROR: All right, sir. Thereafter, the Jury again retired to the Jury Room and within a very short time sent out a written question to be answered by the Court. The Court read the question to both Counsel and the following proceedings were then had:
BY THE COURT: It says “The amount of money to be awarded is zero. How should it be indicated?”
I’ll just answer it simply “In your verdict, just fill in the one he’s got.” All right. Mark this filed.
BY MR. RAINEY: How did the Court answer that, Your Honor?
BY THE COURT: In your verdict, fill in the one he had.
The piece of paper with the Jury’s question and the Court’s answer was then returned to the Jury Room by the Bailiff. Thereafter, being on the same day, at 8:17 P.M., the Jury again returned to the Courtroom, and the following proceedings were then had:
BY THE COURT: All right, Mr. Everett, now you can hand it back to the Bailiff.
BY THE JUROR: All right. Sorry about that.
BY THE COURT: Well, I’m sorry, too. It was probably my fault. I apologize. I probably misled you there.
All right. The Clerk will read the verdict.
BY THE CLERK: “WE, THE JURY, FIND FOR THE PLAINTIFF AGAINST THE DEFENDANTS PAT FORE AND JACKIE E. MONASCO AND ASSESS HER DAMAGES AT ZERO.”
BY THE COURT: All right. Anything?
BY MR. HURLBERT: Your Honor, I would like to have the Jury polled.
The poll showed that eleven jurors concurred in the verdict and that one did not. It was accordingly received and entered.
The record reflects that the jury’s written question to the court, the court’s written response, and the actual verdict as returned by the jury were as follows:
QUESTION TO COURT FROM JURY The amount of money to be awarded is zero; how should it be indicated?
In your verdict — fill in the one you have.
J. R. G.
VERDICT OF THE JURY
“We, the jury, find for the Plaintiff against the Defendants, Pat Fore and Jackie E. Monasco, and assess her damages at $ 0 .”
This was not a case in which the jury was bound to find that Fore and Monasco were *MI liable. Having heard the evidence as to Mrs. Quave’s injuries and as to the amount she had received from Bobbett, it was the prerogative of the jury to decide, following the proper instruction of the court quoted above, that the amount obtained by Mrs. Quave from Bobbett, was adequate compensation for her injuries.
The verdict, “We, the jury, find for the Plaintiff against the Defendants, Pat Fore and Jackie E. Monasco, and assess her damages at $ 0 ” amounts to a finding by the jury that, while Fore and Monasco otherwise would have been liable, the $3,000 received by Mrs. Quave from Bobbett, driver of the vehicle making the initial contact, constituted adequate compensation and that she was entitled to recover nothing further. We are unable to say that the jury’s finding that Mrs. Quave’s damages did not exceed the $3,000 already received or was so grossly inadequate as to the amount of her damages as to evince passion or prejudice on the part of the jury or was such as to shock the enlightened conscience. Therefore, it was error to award a new trial on damages and the action of the trial court in so doing will be reversed and a judgment will be entered here for appellants.
The unusual circumstances of the case in that it was found that liability existed but that plaintiff was not entitled to recover further damages from defendants are such that we have concluded that the costs in the case should be assessed equally against the appellants on the one hand and appellee on the other.
REVERSED AND JUDGMENT ENTERED HERE FOR FORE AND MONAS-CO. COSTS ASSESSED ONE-HALF AGAINST APPELLANTS AND ONE-HALF AGAINST APPELLEE.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.