## Thomas Rylee v. State.

[63 South. 342.]

1. HIGHWAYS. *Dedication. Establishment. Prescription.*
   Highways may be created by prescription or by dedication, as well as by being laid out and established in accordance with statutory provisions.

2. SAME.
   The using of a road by the public for some fifty years, and the county's adopting, supervising and working it as a public road, are sufficient to establish it by prescription as a highway, and the obstructing of such a road is an offense.

APPEAL from the circuit court of Marshall county .
HON. H. K. MAHON, Judge.

Thomas Rylee was convicted of obstructing a public highway and appeals.

The facts are fully stated in the opinion of the court.

*Lester G. Fant,* attorney for appellant.

*Mayes & Mayes,* attorneys for appellee.

REED, J., delivered the opinion of the court.

Appellant was convicted on a charge of obstructing a public highway in Benton county. He contends in his de-

fense (1) that the road traveled by the public at the point where obstructed had been shifted from time to time, so that now it was not in its original location, but was through his land, and that, being on his land, and not in its proper place, he had a right to build a fence across it; (2) that the road was not laid out and established in accordance with the provisions of the statute.

The facts relating to the first contention were properly submitted to the jury, and the verdict of conviction resolved them against appellant. As to the second contention, counsel for appellant in his brief states his position in the following language: ''There can be no prosecution, unless the road obstructed was really and truly a public highway, laid out in the letter and spirit of the provisions of the Code. We rest our case on this fact.''

We understand appellant maintains that there can be no conviction for obstructing a public road, unless such road has been laid out and established in strict accordance with the provisions of the Code. The highway in question is know as the ''Holly Springs and New Albany road.'' It has been in existence and in use for a long number of years. In fact, a road by this name is shown to have existed long prior to the Civil War. Benton county was created by an act of the legislature in 1870. The road was then well known and generally used by the public.

The minutes of the board of supervisors of Benton county, under dates of July 28, 1870, and August 1, 1870, show the organization of the new county. The minutes show that on August 2, 1870, the following order was passed by the board: ''Ordered that the Holly Springs and New Albany road be established within the limits of Benton county.'' And on August 16, 1870: ''Ordered that Cosby Hudson be appointed overseer on the Holly Springs and New Albany road from old Tippah line to Marshall county line, with hands, in their lawful bounds.'' The record shows that overseers have been appointed

for the Holly Springs and New. Albany road and persons assigned to work thereon. The road continued to be generally used by the public until the time of its obstruction.

It seems to be well settled that a highway may be created by prescription or by. dedication, as well as by being laid out and established in accordance with statutory provisions. In his work on Roads and Streets (3 Ed.), volume 1, paragraph 3, Judge E<small>LLIOTT</small> says, referring to the establishment of a highway, that "the mode of its creation does not of itself invariably determine its character, for this, in general, is determined by the rights which the public have in it." In American & English Ency. of Law (2 Ed.), volume 15, page 494, we find the following regarding the mode of. creation of highways: "Provided the road is a highway, the mode in which it became such is immaterial, and consequently there may, in the absence of a statutory limitation, be an obstruction of a highway by prescription or by dedication, provided the dedication has been accepted." It has been decided that a highway may be established by immemorial usage. *Reed* v. *Northfield,* 13 Pick. (Mass.) 94, 23 Am. Dec. 662; *State* v. *Wilkinson,* 2 Vt. 480, 21 Am. Dec. 560.

We take the following from *Reed* v. *Northfield, supra*: "But if an uninterrupted use of a highway and the support of it by the town for forty years, which is now the longest term of prescription known to the law, would not establish it, it would be equivalent to declaring that there can be no highway proved in any mode but by the record of its being laid out, which, in regard to many, and those the most important and ancient highways of the commonwealth, would be utterly impossible. But, without dwelling upon the supposed inconvenience of a different rule, we think it clear upon principle that public easements, as well as others, may be shown by long and uninterrupted use and enjoyment, upon the conclu-

sive legal presumption from such enjoyment, that they were, at some anterior period, laid out and established by competent authority." In *Blodgett* v. *Royalton,* 17 Vt. 40, 42 Am. Dec. 476, it was decided that a public highway may be created by adoption and use, and the owner of the land may thereby lose his right to fence in and control the use thereof.

It appears from the opinion in the case of *Tegarden* v. *McBean,* 33 Miss. 283, that it is recognized in this state that a highway may be established by prescription. It was decided in the case of *Kinnare* v. *Gregory,* 55 Miss. 612, that "a highway may be as effectually established by a dedication by the owner or owners of the freeholds over which it is to pass, and the acceptance thereof on the part of the public, as by the mode prescribed in the statute. The dedication may be either by a formal grant, or by any such acts as manifest the intention of the freeholder, or freeholders, that the community shall have and enjoy a highway on their private property. The acceptance may be made either by the officials competent to represent the public, or may be implied from circumstances, such as user," etc.

Judge SIMRALL, delivering the opinion of the court in that case, after stating it was contended that the road in question was not a public highway, because it was not established by the proper authority in manner prescribed by the Code sections, and after stating that there were public highways at the date of the revision of the law, said: "These were recognized, and a method was laid down by which existing roads may be changed and new ones opened. But it is a grave mistake to suppose that a highway may not be established by the owner or owners of the freehold, which, when accepted by the public, is as complete as if the methods appointed in the statute were pursued." He further stated in the opinion that acceptance of a dedication may be shown in two ways: "By the formal act of the proper authority competent to

speak and act for the public, or may be implied from cir-
cumstances, such as user, etc. . . . . Easements which
depend for their support on prescription rest on the long
enjoyment of the right acquiesced.in by the proprietors
of the fee." Again, referring to the statute relating to
the establishment of roads, he said: "The statute was
not designed to interfere with or prohibit the common-
law methods of granting the easement of the highway,
but the plain intendment was to define a method by which
the state could compel the private owner to yield the
easement to the public."

It is immaterial in this case whether the Holly Springs
and New Albany road was a highway created by dedica-
tion, that is, by either a grant, or by such acts as mani-
fested the intention of the original freeholders that the
community should have and enjoy a highway over their
land, or whether it existed by prescription, which follows
the presumption that it was established by the proper au-
thority, in the manner provided by law; for it is shown
that it is a roadway which has been used for a long num-
ber of years by the public, and for such great length
of time as to establish it as a highway. The public long
enjoyed the right to use this road as a highway, and it
can be said that there was a dedication of the road
through the long acquiescence of the original proprie-
tors of the fee, and by their acts which manifested such
intention, and also that the acceptance of such dedication
is fully implied from circumstance of the immemorial
usage thereof. At the same time, the using of the road
by the public for so very many years, about a half cen-
tury, and the country's adopting, supervising, and work-
ing it as a public road, are sufficient to establish it by
prescription as a highway.

Appellant relies upon the cases of *Craft* v. *De Soto
County,* 79 Miss. 618, 31 So. 204, and *State* v. *Morgan,*
79 Miss. 659, 31 So. 338, to support his contention. In
these cases the court was considering the sufficiency of the

proceedings of the board of supervisors in opening and laying out new roads. In neither case was the subject of the establishment of a highway by dedication or prescription under consideration.

The Holly Springs and New Albany road is a public highway within the intendment of the statute, the obstruction of which is an offense.

*Affirmed.*