U. S. Realty Sales, Inc. *v.* Kuhn, et al.

In Banc. April 11, 1949.

(39 So. (2d) 776)

**L. B. Melvin,** for appellant.

H. W. Gautier, and Mize, Thompson & Mize, for appellees.

126

128

**L. B. Melvin,** for appellant in reply.

**Smith, J.**

This case originated in the Chancery Court of Jackson County, wherein appellant filed an original bill seeking commissions on an alleged sale of real estate to a purchaser from appellees, who owned the property involved, and for a lien thereon.

In the course of the trial appellant introduced appellees as adverse witnesses, and other oral and documentary

evidence, sufficient in our judgment to make out a prima facie case against appellees, who introduced no testimony. When complainants rested, appellees moved the court to exclude the evidence and enter a decree, dismissing the original bill. This motion was sustained, and decree·entered accordingly, and appellant appealed the case from such decree.

This procedure in Chancery, since the adoption of Chapter 265, Laws 1938, now Section 1312, Code 1942, is analogous to a motion in circuit court to exclude the plaintiff's evidence, at its conclusion, and grant a peremptory instruction in favor of the defendant. In ruling thereon, the Chancellor should assume as true all of the facts which the complainant's evidence fairly tended to establish, together with all reasonable inferences to be deduced therefrom. Since we are of the opinion, as stated supra, that, in the case at bar, complainant's evidence made out a prima facie case, within the purview of this rule, we must reverse and remand the cause for a new trial. Partee v. Pepple, 197 Miss. 486, 20 So. (2d) 73.

It is, therefore, so ordered.

Reversed and remanded.