KIRKLAND *v.* HARRISON, et al.

No. 39243 October 11, 1954 74 So. 2d 820

716

M. V. B. Miller, Gerald Adams, Meridian, for appellant.

Nate S. Williamson, Meridian, for appellees.

Kyle, J.

The appellees, Andrew Harrison and his wife and two minor children, plaintiffs in the court below, recovered a judgment in the Circuit Court of Lauderdale County against the appellant, Theo N. Kirkland, in an action for damages for the wrongful death of Andrew Harrison, Jr., minor child of Andrew Harrison and his wife, Mary Earle Harrison, who was struck by an automobile driven by the appellant on U. S. Highway No. 45 on April 24, 1951. From that judgment the appellant prosecutes this appeal.

The record shows that the deceased, Andrew Harrison, Jr., was 8½ years old at the time of the accident. He was living with his parents on 18th Street, in the City of Meridian, a short distance west of the point where 18th Street intersected U. S. Highway No. 49. The accident occurred late in the afternoon or in the early evening. The testimony of the plaintiffs' witnesses showed that a few minutes before the accident occurred the child had climbed upon the running board of a truck which was being used for hauling scrap iron and other junk. The truck entered the highway a short distance above the

18th Street intersection; and as the truck was proceeding southwardly along the highway the child either jumped or fell from the running board of the truck and while lying on the pavement was run over by a black Chevrolet automobile owned and operated by the appellant. An ambulance was immediately summoned and the injured child was carried to the hospital but died soon after reaching the hospital.

The plaintiffs alleged in their declaration that the decedent's injuries and death were caused by the defendant's negligence in failing to keep a proper lookout ahead of his moving car and in failing to see or anticipate the presence of the child on the highway and in failing to keep his automobile under proper control. The plaintiffs also alleged that the defendant was operating his automobile at an unlawful rate of speed, and that the defendant negligently failed to turn his automobile to the right or to the left so as to avoid coming in contact with the child after the child was seen on the highway.

Andrew Harrison, the decedent's father, testified that he went to the scene of the accident about thirty minutes after the child was injured. He saw a puddle of blood on the pavement at the 18th Street intersection about two feet from the west edge of the pavement. There were skid marks on the pavement running northwardly for a distance of about 30 feet. There were no skid marks going southwardly toward the city. He saw the mangled body of the child at the Matty Hersee Hospital sometime after the accident. The right eye was hanging down on the left cheek and the left eye was pushed upward. There was a large hole in the back of the head, another large hole between the eyes, and a small hole in the top of the head. The left arm and shoulder were broken. The witness examined the appellant's automobile the next day and found flesh and blood on the bottom part of the front bumper. The witness stated that a colored family by the name of Ruffin lived in a house on the right hand side

of the highway going toward Meridian 85 yards south of the 18th Street intersection.

Roosevelt Allen, 14 years of age, testified that he was riding on the back end of the truck at the time of the accident. There were several other boys on the truck. Andrew Harrison, Jr., was riding on the side of the truck, and as the truck passed the 18th Street intersection Andrew jumped off the truck and fell on the pavement. The boys on the truck called to the driver to stop, and the truck came to a stop "up there by the Ruffin house." The black Chevrolet car passed the truck after the truck had been brought to a stop. When the car got to Andrew the driver put on his brakes, but it didn't help any, and the car ran over the child. Roosevelt stated that the truck was going about 15 miles an hour and that the car that passed the truck was going about 45 or 50 miles an hour. He said that when the child "was fixing to raise up, the car hit him." It was getting dark at the time of the accident, but neither the truck nor the Chevrolet car had lights on.

Melvin Jones, 16 years of age, testified that he was sitting on the back of the truck when the truck passed the 18th Street intersection, and that Andrew Harrison, Jr., was riding on the side of the truck; that Andrew jumped off the truck at the intersection where the dirt road leaves the pavement and goes to the Harrison home; and that Andrew fell to the pavement. The truck was running about 10 or 15 miles per hour. When the truck came to a stop, "it had just passed the Ruffin house." The black Chevrolet passed the truck at that time. The car ran over the boy "just after he was fixing to raise up." The car was going fast when it passed the truck. When the driver got upon the child, "he hit his brakes," ran about a half block and came to a stop.

Willie Mae Ruffin, 12 years of age, testified that she was playing in front of the Ruffin house when the accident occurred. She saw the truck the boys were riding

in, and she saw the black Chevrolet car pass the truck in front of the Ruffin house. The Chevrolet car was going fast. The driver gave no signal and did not slow down his car before he hit the child.

The appellant, testifying in his own behalf, stated that he was a minister of the Church of Christ and that he was driving northwardly on his way to Macon with Mrs. E. K. Hedley and Mrs. Luther Morgan at the time the accident occurred to teach a Bible class. He was driving at a rate of speed of approximately 25 miles per hour. It was about 10 minutes before 7 o'clock and was getting dark when he passed the truck. As he got within 10 or 15 feet of the truck the boy fell off the truck. The appellant applied his brakes immediately and stopped his car as quickly as possible, but could not avoid running over the boy who was lying to the right of the center line of the highway. The appellant stated that his car straddled the child as it passed over him, and that the wheels of the car did not touch the child.

The two ladies who were in the car with the appellant testified that they were both riding on the front seat of the car. Mrs. Hedley stated that she ''saw something fall'' just ahead of them, about 10 or 15 feet. Mrs. Morgan stated that she ''saw an object that fell or was thrown'' from the truck. It turned out to be ''a boy, a little boy.'' He hit the pavement about 12 or 15 feet in front of the appellant's car. The appellant applied his brakes. ''It was all done right now.'' Each of them testified that the car was being driven at a rate of speed of 20 or 25 miles per hour.

Henry James, the driver of the truck, testified that he was hauling junk and had some little boys helping him. He had started back to the junk yard and was driving in low gear when some of the boys on the back of the truck knocked on the cab and told him that the little boy had jumped off the truck after his shoe. James stated that he pulled his truck over to the side of the highway

and stopped. He saw the Chevrolet car pass him, but was unable to say how fast it was moving. He did not see the car run over the boy; but he got out of his truck and went back to the place where the boy was lying on the pavement. The boy attempted to raise himself, but fell back on the pavement, "and he ain't never try to come up no more."

The jury returned a verdict for the plaintiffs for the sum of $3,000, and judgment was entered against the defendant for that amount.

 The first point argued by the appellant's attorney as ground for reversal on this appeal is that the court erred in refusing to grant the peremptory instruction requested by the appellant. But we think there was no error in the action of the trial judge in refusing to grant the peremptory instruction. It is true that the appellant and the two ladies who were riding in the car with him testified that the appellant was driving at a rate of speed of about 25 miles per hour, and that the car was within 10 or 15 feet of the truck when the boy fell off the truck, and that the defendant applied his brakes and stopped his car almost immediately. But this testimony was in direct conflict with the testimony of the appellees' witnesses, Roosevelt Allen, Melvin Jones and Willie Mae Ruffin, who all testified that the Chevrolet car passed the truck just as it came to a stop at the Ekel Ruffin house, which was 85 yards south of the point where the accident occurred. If the jury believed the testimony of these witnesses, and the jury had a right to believe their testimony, the jury was warranted in finding that the defendant was negligent in failing to maintain a proper lookout and in failing to bring his car to a stop in time to avoid injury to the child.

 This Court has held in many cases that in determining the question whether or not the appellant was entitled to a directed verdict the evidence must be treated as proving every fact favorable to the appellee's case

which is established either directly or by reasonable in-ference. Dean, et al. v. Brannon, 139 Miss. 312, 104 So. 175; Planters Wholesale Grocery v. Kincade, 210 Miss. 712, 50 So. 2d 578.

Appellant's remaining argument relates to alleged errors in certain instructions granted to the plaintiffs.

First, it is contended that the court erred in granting the plaintiffs' instruction found on page 124 of the record. The criticism of that instruction is that the instruction authorized the jury to return a verdict for the plaintiffs if the jury believed that the defendant was guilty of negligence in failing to see the boy or in failing to reduce the speed of his car, even though such negligence may not have been the proximate contributing cause of the accident. But all of the instructions must be read and considered together, and in the plaintiffs' instruction appearing on page 126 the jury was told that for such negligence to constitute the basis of legal liability for the injury the jury must find that such negligence proximately caused the injury complained of. We think that the jury was not misled because of the failure to incorporate in the instruction complained of a requirement that the jury should find that such negligence constituted a proximate contributing cause of the accident.

It is next contended that the court erred in granting the plaintiffs' instruction appearing on page 120 of the record, in which the jury was told that, if negligence were shown, it was not necessary to create legal liability that the defendant should have been able to foresee the particular consequences or the precise nature of the injury inflicted, if by the exercise of due care he might have foreseen that some injury might result. The criticism of that instruction is that the instruction authorized the jury to find the defendant liable even though such injury was only a remote possibility. But the instruction embodies the principle of law stated in Tri-State Transit Co. v. Martin, 181 Miss. 388, 179 So. 349;

and, when the instruction is read along with the instruction appearing on page 125 of the record, in which the jury was told that the negligence must have been of such character that an ordinarily prudent man might have reasonably anticipated that some injury would probably result therefrom, the error complained of is not such as to require a reversal of the judgment on account of the giving of the instruction. City of Meridian v. King, 194 Miss. 162, 11 So. 2d 205; Johns-Manville Products Corp. v. Cather, 208 Miss. 268, 44 So. 2d 405.

 Finally the appellant complains of the plaintiffs' instruction which appears on page 118 of the record. In that instruction the jury was told that if they believed from the evidence that the defendant saw Andrew Harrison, Jr., riding on the truck before he jumped or fell from the truck and before the defendant's car passed over him, the defendant was required to use reasonable care to bring his automobile under proper control and to anticipate any unusual and impulsive action on the part of the boy, and to anticipate that a young person of that age would not always act to protect himself from danger; and if the jury believed from the evidence that the defendant failed to exercise reasonable care to prevent the injury to the boy and the boy was injured "as a proximate result of any negligence of the defendant, as negligence is defined in these instructions," the jury should return a verdict for the plaintiffs.

The criticism of the instruction is, first, that the instruction was not based on the evidence, in that there was no proof in the record to show that the defendant saw the boy before he jumped or fell from the truck, and, second, that the instruction did not confine the jury's findings to the issues made by the pleadings.

The instruction is inaptly worded and should not have been granted in the form requested. But, notwithstanding the unsatisfactory wording of the instruction, it is clear that the instruction was predicated upon the theory

that, if the jury believed from the evidence that the boy was standing on the side or the running board of the truck, as testified by the plaintiffs' witnesses, but did not jump or fall from the truck until the defendant's automobile was in such close proximity to the truck that the defendant could not stop his car or turn his car to the right or the left in time to avoid striking him, as testified by the defendant, the jury would be warranted in believing that the defendant could have seen the boy on the truck before he jumped or fell from the truck. The defendant testified that he was watching the road and that he saw the boy when he fell from the truck; and after considering the testimony as a whole we are unable to say that the errors complained of in the instruction were of such serious nature as to require a reversal of the judgment on account of the giving of the instruction.

We find no reversible error in the record and the judgment of the lower court is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.