MULLINS *v.* WROTEN

No. 39965          February 20, 1956          85 So. 2d 457

*Roach & Jones,* McComb, for appellant.

*Gordon & Gordon,* Liberty, for appellee.

Roberds, P. J.

The parties to this litigation own adjoining lands in Amite County, Mississippi. Mrs. Mullins, in her bill herein, asserts that an old fence is located upon, and for many years has been recognized by the owners of the lands as, the true boundary line between the two tracts. Wroten denies that and says he has recently placed a fence upon the true line. When Mrs. Mullins rested her case, the chancellor sustained Wroten's motion to exclude the evidence Mrs. Mullins had offered and to dismiss the bill. From that decree, Mrs. Mullins appeals here.

In passing upon that action of the learned chancellor, we must accept as true the facts which complainant's evidence fairly tends to establish, together with all reasonable inferences to be deducted therefrom. U. S. Realty Sales, Inc. v. Kuhn, et al., 206 Miss. 123, 39 So. 2d 776; Stewart v. American Home Fire Ins. Co., 211 Miss. 523, 52 So. 2d 301; Coker v. 52 Taxi Service, 211 Miss. 820, 52 So. 2d 356; Montgomery v. Kimbrough Homes, Inc., 214 Miss. 519, 59 So. 2d 273; Kirkland v. Harrison, 221 Miss. 714, 74 So. 2d 820; Irene Bethea v. Garrett P. Mullins, No. 39,914, decided by this Court February 13, 1956. So accepting the facts and the inferences therefrom, we think Mrs. Mullins made out a prima facie case that the old fence was the recognized line between the two tracts of land. This necessitates a retrial of the cause. U. S. Realty Sales, Inc. v. Kuhn, et al., and Irene Bethea v. Garrett P. Mullins, supra. Since the case is to be retried, we refrain from detailing the testimony or commenting upon its effect and weight.

Reversed and remanded.

*Hall, Arrington, Ethridge* and *Gillespie,* JJ., concur.