WILD *v.* BASS, A MINOR

No. 43373 April 5, 1965 173 So. 2d 647

*Carey E. Bufkin, Satterfield, Shell, Williams & Buford,* Jackson, for appellant.

*Walter L. Nixon, Jr.*, Biloxi; *Donald W. Cumbest*, Pascagoula, for appellee.

Inzer, J.

Appellee, Gary Lynn Bass, a minor, suing by and through his father, Fred R. Bass, as next friend, brought this suit in the Circuit Court of Jackson County against appellant, Mrs. Archie E. Wild, and Avon Products, Inc. Appellee alleged in his amended declaration that he was injured when appellant negligently allowed her automobile to be propelled or roll backwards onto and over appellee. The declaration further charged that appellant was the agent, servant or employee of Avon Products, Inc., and was acting in the scope of her employment. Appellant answered the declaration and denied that her automobile ran over the appellee and that he had been injured as a result of any negligence on her part. She further denied that she was the agent, employee or servant of Avon Products, Inc. Avon Products, Inc., also answered and denied that appellant was their agent, servant or employee, and that their relationship with her was one of vendor and vendee or independent contractor.

Trial was had upon the issues raised by the pleadings, and at the conclusion of appellee's case the trial court sustained a motion on behalf of Avon Products, Inc., for a peremptory instruction. There was no appeal from this ruling of the court, and Avon is no longer a party to this litigation.

The trial court overruled a similar motion on behalf of appellant and submitted the issue to the jury. The jury

returned a verdict in favor of appellee and assessed the damages in the amount of $25,000. Judgment was entered accordingly, and from this judgment Mrs. Wild has appealed to this Court.

Appellant contends the trial court was in error in overruling her motion for a directed verdict or peremptory instruction. We have determined that the evidence on behalf of appellee was sufficient to submit this cause to a jury.

Appellant and appellee were the only eyewitnesses to the accident. Appellee at that time was only three and a half years of age, and, of course, not old enough to testify. Appellant was called as an adverse witness, and according to her testimony she went to the home of appellee's father and mother about 11:00 A.M. on November 7, 1961, for the purpose of demonstrating Avon products. She drove her Chevrolet automobile into the driveway that led from the street to the house, and when she was about 300 feet from the house she saw appellee approaching from the left side of the driveway. He was at that time about three or four feet from her car. She stated that she stopped her car, left the motor running, put on the emergency brake, and then either got out or started to get out of the car. She then said that at the time she stopped the car appellee was near the back fender and was patting the fin of the car. The car started moving backward, and when it did she could not see the child, so she told him to run; that in her opinion the car moved only about one foot. She then put the car in parking gear, got out and went around the back of the car and found appellee lying on his stomach near the edge of the road. Her explanation of the reason he was on the ground was that he must have tripped on something and fallen. She said she was frightened, and she picked up the child and carried him in her arms into the house where she saw Mrs. Alene Bass, mother of appellee.

Mrs. Bass testified that when appellant came to the house she had the child in her arms and told her that she backed over the little boy. Mrs. Bass said the child was sobbing, and appellant wanted to take the child to a doctor. After a short delay while Mrs. Bass dressed, appellant drove Mrs. Bass and the child to the Keesler Air Force Base Hospital, where appellee was examined by the doctor on duty. No X-rays were taken at this time. Appellant then drove Mrs. Bass, appellee, and Mr. Bass, whom they picked up at the base, back home. Mrs. Bass further testified that she saw marks upon the child's back which she described as tire marks, and that she and her husband carried him back to the hospital that afternoon and had X-rays made. These X-rays were not introduced in evidence in this case, and the doctor who examined the child did not testify.

■■■ In considering whether appellant was entitled to a peremptory instruction, the evidence must be treated as proving every fact favorable to appellee's case which is established either directly or by reasonable inference. Kirkland v. Harrison, 221 Miss. 714, 74 So. 2d 820 (1954); Farish v. Canton Flying Services, Inc., 214 Miss. 370, 58 So. 2d 915 (1952); Dean v. Brannon, 139 Miss. 312, 104 So. 175 (1925). We are of the opinion that the evidence on behalf of appellee was sufficient to submit the issue to the jury and that the court did not err in overruling appellant's motion for a peremptory instruction.

Appellant next contends that the trial court was in error in granting the several instructions requested by appellee. The instructions for appellee are not numbered in the record, and they are entirely too lengthy to set out all of them in detail. However, for purposes of this decision, we will set out one, as follows:

The Court instructs the jury for the Plaintiff that the driver of an automobile must have her car under such reasonable control as will enable her to avoid

causing injury to another which might reasonably have been foreseen by the exercise of ordinary and reasonable care; you are further instructed that as the driver of a vehicle approaches a place on a road or driveway where there is a child upon or near said road or driveway in the near vicinity of the vehicle which is being driven by the driver of the vehicle, that the vehicle driver is charged with being responsible for exercising a high degree of care in keeping a constant lookout for said child, and exercising a high degree of care in keeping his vehicle under control so as to avoid running over and injuring said child who unexpectedly enters said road or driveway in front of or near said vehicle and this duty also applies to one who stops a vehicle on an inclining or sloping drive-way and leaves the same unattended. The fact that the driver of a motor vehicle, prior to causing injury to said child, through the operation of stopping or parking of the same, did not see the child, does not, as a matter of law, relieve her from the charge of negligence, if in the exercise of reasonable care, she should have seen the said child in time to avoid an injury. You are further instructed that a motorist can not assume that a child in the immediate vicinity of the vehicle which she is driving upon a private driveway on the private yard of the residence of said child who is too young to understand the danger will not enter the road or approach the vicinity of the vehicle being driven by the said driver.

If you find and believe from a preponderance of the evidence in this case that the defendant, Mrs. Archie E. Wild, before running over the minor Plaintiff as alleged in Plaintiff Declaration, and if you so find and believe from a preponderance of the evidence in this case, saw or in the exercise of reasonable care should have seen minor Plaintiff in a position of dan-

ger or peril of being injured by the vehicle being driven by or put to a stop and left unattended by the defendant, as alleged by Plaintiff in his Declaration then in that event it became the duty of the defendant, Mrs. Archie E. Wild, to maintain control over the vehicle which she was operating to prevent the same from rolling over and injuring minor Plaintiff; if you find and believe from a preponderance of the evidence in this case that the defendant Mrs. Archie E. Wild, failed to maintain the necessary control or take the necessary reasonable action to prevent her vehicle from rolling over and injuring minor Plaintiff and that her failure constituted negligence on her part, and if you further find and believe from a preponderance of the evidence that said negligence, if any, on the part of the defendant, Mrs. Archie E. Wild, was a proximate cause or a proximate contributing cause of minor Plaintiff's being run over or rolled over and injured by the vehicle stopped and left unattended by the defendant, Mrs. Archie E. Wild, and injured thereby, then in that event it is your sworn duty to find a verdict for the minor plaintiff, Gary Lynn Bass, against the defendant, Mrs. Archie E. Wild.

▮▮▮ In discussing this instruction it is important to remember that the theory of appellee's case is that appellant negligently allowed her car to roll back or that she propelled it backward, and that it struck appellee and ran over him. Appellee was entitled to proper instructions under the proof to support this theory. However, a casual reading of this instruction will reveal that it is not confined to that theory, but instructs the jury as to other situations as to which there is no proof. We said in the case of Rawlings v. Inglebritzen, 211 Miss. 760, 52 So. 2d 630 (1951), that ''An instruction must be based upon the evidence, and one which is not applicable to the facts of the case is erroneous and should

not have been given.'' Although it may correctly announce a theory of law, such instructions serve no useful purpose other than to confuse the jury as to the issues that are to be tried, and that the jury may suppose that such state of facts is possible under the evidence.

This instruction has many other objectionable features. It is entirely too lengthy, and if it correctly stated the law, it would be difficult for the jury to follow the same. It further charges as a fact that appellant ran over appellee; this was the issue that the jury was to try in the case. It refers the jury to the declaration to determine what has been alleged. It charges the appellant with the duty of exercising a high degree of care. Appellant was charged with the duty of exercising reasonable care under the circumstances with which she was confronted, and it was error to charge her with a higher degree of care.

The instructions found on pages 34-35 and 39 of the record are subject to most of the same objections outlined relative to the above quoted instruction and should not have been given.

■■■ Appellant also assigns as error on the part of the trial court the fact that it allowed Dr. Blaise Salatich to predicate his opinions and testimony upon matters not in evidence and upon hearsay. We think the appellant is correct in this contention. Dr. Salatich is an orthopedic surgeon who resides in New Orleans, Louisiana. Appellee was referred to him by Dr. Edwin Clanton of Biloxi, Mississippi, and Dr. Salatich saw appellee at his office in New Orleans on August 28, 1962. The doctor examined appellee on that occasion, which examination was over a period of about one and a half hours. The doctor in his testimony said he got the history of the case from appellee, who was then four years old, and his mother, Mrs. Alene Bass. It is obvious from his testimony that he got very little information from appellee, but received his information from Mrs. Bass.

The trial court, over the objection of appellant, not only allowed the doctor to use the information he had received from Mrs. Bass as part of the basis for his opinion, but also allowed him to detail to the jury what Mrs. Bass had told him in his office about a year before the trial. Included in her statement which the doctor detailed was the fact that she told him appellee had been run over by an automobile.

██ ██ The trial court has a wide discretion of conduct in the trial and admission of evidence relative to expert witnesses. There might be cases where the court in its discretion would be justified in allowing a medical expert to use as a part of the basis for his findings the previous history given to him by the child's mother. This would be confined to cases where the child is carried to the doctor for the purpose of treatment. However, if the purpose of examination by the doctor is to provide testimony, the court should not allow the doctor to base his opinions and findings on such history if the same is not in evidence in the case. It is evident from the testimony of Dr. Salatich that he relied upon the statements made to him by Mrs. Bass, and especially the statement that the child had been run over by an automobile. His testimony in this regard no doubt influenced the jury in finding that appellee had been run over by the car. Such finding is against the overwhelming weight of the testimony. It is apparent from the facts in this case that the wheel of the car did not run over the body of appellee.

██ █ Dr. Salatich's testimony was objectionable for other reasons. Although the court instructed him that he was not to use any information other than the history he had obtained and what he had learned from his own examination in his testimony as to the nature and extent of the injuries, it is apparent from the record that the doctor relied on X-rays and reports from other doctors. The X-rays were not in evidence and none of the other

doctors whose reports he considered testified in the case. This becomes an important element in the case for the reason that Dr. Salatich testified that in his opinion appellee received a compression fracture of the fifth vertebra. However, the X-rays taken at the time Dr. Salatich made his examination did not show any such fracture. The only way that Dr. Salatich could have arrived at his conclusion that appellee suffered a fracture would have been facts gathered from other sources. He admitted he took as true what Mrs. Bass told him about the child being run over, and the history that she gave him of the child's actions from the date of the accident until the date of his examination. He also testified that he had reports and X-rays by other doctors which he considered reliable. As an expert he could consider testimony of other doctors properly in evidence and also the result of any X-rays properly in evidence, but he should not have been allowed to base his testimony on reports of other doctors and X-rays not in evidence.

 ██ ██ We have announced the rule that a medical expert may base an opinion partly on facts within his personal knowledge and partly on facts shown by evidence of other witnesses. Southern Farm Bureau Casualty Ins. Co. v. Jones, 236 Miss. 604, 111 So. 2d 659 (1959); Mutual Life Ins. Co. of New York v. Rather, 221 Miss. 527, 73 So. 2d 163 (1954). This is the proper rule, and a medical expert should not be allowed to base his opinion on matters not within his own knowledge and not in evidence in the case.

 ██ Appellant further contends that the trial court was in error in allowing appellee to introduce into evidence over her objection medical and doctor bills without first proving the reasonableness or necessity of such services. This action of the trial court was error. We said in Bryan Bros. Packing Co. v. Grubbs, 251 Miss. 52, 168 So. 2d 289, 293, in discussing this

subject, that ''This points up the reason the law requires proof connecting medical and drug bills with the accident where these bills are relied upon as the measure of that element of damage. There should also be some proof that medical, hospital and drug bills are reasonable.''

Appellant assigns as error other actions on the part of the trial court, but in view of the fact we are of the opinion this case must be reversed and remanded for a new trial, we do not deem it necessary to discuss the other assignments as they may not reoccur upon another trial. For the reasons stated, this cause is reversed and remanded for a new trial.

Reversed and remanded.

*Kyle, P. J., and Gillespie, Rodgers and Brady, JJ.,* concur.