353 So.2d 767 (1977)
U. S. JOACHIM
v.
VILLA SANTINI, INC., a corporation, and James M. Parker.
No. 49768.
Supreme Court of Mississippi.
December 21, 1977.
Pringle & Pringle, Charles K. Pringle, Biloxi, for appellant.
David L. Lord, Biloxi, for appellees.
Before PATTERSON, C.J., ROBERTSON and SUGG, JJ., and LOVE, C.
JOHN C. LOVE, Jr., Commissioner for the Court:[1]
U.S. Joachim filed suit in the Chancery Court of the Second Judicial District of Harrison County seeking to have Santini Lane or Santini Court in the City of Biloxi, declared a public street and seeking to enjoin Villa Santini, Inc. and James H. Parker from interfering with the public use of Santini Lane or Santini Court. When complainant rested, defendants moved to exclude the evidence and dismiss the Bill of Complaint. This motion was in effect sustained and appellant being aggrieved by the dismissal of his action filed this appeal.
Evidence for Joachim showed that Santini Lane is a narrow dead-end street at least 400 feet in length, with a cul-de-sac or turn-around on the south end of the street. The southern portion of the street and the cul-de-sac are located on the property of the appellees. There was evidence that the street with the cul-de-sac on the south end had been in the same location since 1925, and that the appellees and their predecessors in title had not interfered with anyone's use of the street until 1975, when the appellees began to block the street.
Several witnesses testified that for many years Santini Lane, including the turn-around *768 on appellees' property, had been used by the general public. An employee of the City of Biloxi testified that the city garbage truck had been using Santini Lane, including the turn-around for the 26 years that he had worked for the city and that the city had maintained the lane, including the cul-de-sac, during this period. There was also testimony that the city had paved this entire lane, including the cul-de-sac, and the Court found that the northern portion of the Lane that was not on the property of the appellees, was a public street, though it had sustained the motion to exclude all of appellant's evidence. The record does not show when or under what circumstances Santini Lane was first used. It simply shows a continuing use by the public from 1925 until 1975.
The Chancellor can sustain a motion to exclude and dismiss only when the Complainant has failed to make out a prima facie case. "In ruling thereon, the Chancellor should assume as true all of the facts which the complainant's evidence fairly tended to establish, together with all reasonable inferences to be deduced therefrom." U.S. Realty Sales, Inc. v. Kuhn, et al., 206 Miss. 123, 39 So.2d 776 (1949). Therefore, the issue before this Court is whether the Chancellor was in error in sustaining defendants' motion in view of the facts presented by the Complainant.
It is well settled in this State, that a public road can be established by prescription. Rylee v. State, 106 Miss. 123, 63 So. 342 (1913), and Coleman, Atty. Gen. et al. v. Ship, 223 Miss. 516, 78 So.2d 778 (1955). In the case of Armstrong et al. v. Itawamba County, 195 Miss. 802, 16 So.2d 752 (1944), the Court said, "... and it was this user and the action of the public authorities in exercising such jurisdiction over the road for so many years, that gave it the status of a public road...." 195 Miss. at 814, 16 So.2d at 756. And the Court also said, "Continued user when taken in connection with the working of the road for nearly twenty years at public expense should be deemed to have been a sufficient acceptance." 195 Miss. at 816, 817, 16 So.2d at 757.
The defendants here argue that the Complainant had the burden of establishing that the use of Santini Lane commenced as an adverse use and not as a permissive use, but we conclude that the law in this State is to the contrary. In the case of Itawamba County v. Sheffield, 195 Miss. 359, 13 So.2d 649 (1943), this Court said that the landowner, in a case similar to this, had the burden of proving that the initial occupancy by the county was permissive and in the case of McCain et al. v. Turnage, 238 Miss. 44, 117 So.2d 454 (1960), where the evidence showed that the Complainants had been using the easement for at least 50 years, the Court said, "... such use will be presumed to have originated adversely."
Thus, based on these authorities, where the evidence showed that Santini Lane, including the turn-around, had been used by the public as a street in its present location for over 50 years, and that the City had maintained the street in excess of 20 years and had paved the street, we are of the opinion that the Complainant has made a prima facie case that the street had become a public thoroughfare by prescription.
It is, therefore, the opinion of this Court that the Chancellor was in error in sustaining the motion of the appellees to dismiss the Bill of Complaint. The decree of the lower court must, therefore, be reversed and this cause remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., INZER and SMITH, P. JJ. and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.