355 So.2d 1102 (1978)
ENTEX, INC. and Jordan A. Doggett
v.
Terry D. RASBERRY.
No. 50119.
Supreme Court of Mississippi.
March 8, 1978.
Roberts & Easterling, M.M. Roberts, S. Wayne Easterling, Hattiesburg, for appellants.
David H. Massey, Laurel, for appellee.
EN BANC.
WALKER, Justice, for the Court:
This is an appeal from a judgment entered against Entex, Inc. and Jordan A. Doggett after a trial by the Judge of the County Court of Jones County, Mississippi, sitting as a special judge without a jury. The suit resulted from a collision between a truck driven by appellant Jordan A. Doggett, acting within the scope of his duties as an employee of Entex and an automobile driven by the appellee, Terry D. Rasberry. The amount of the judgment was $9,985.80.
Although liability was contested at trial, the appellants make no claim on appeal here that the trial court's finding against them in this regard was in error. Thus, it is not necessary for us to detail the facts of the accident.
Appellants' first assignment of error is the ruling of the trial court which allowed the appellee's medical expert to testify as to his impressions received from other medical reports. Dr. Charles Hollingshead, testifying as the expert witness for the appellee, stated that he examined the appellee two days after the accident and diagnosed the appellee's problem as a sprain of the cervical spine. Dr. Hollingshead testified that this sprain caused the stiffness and soreness of the neck and shoulders of which the appellee was complaining. At this time, Dr. Hollingshead took an X ray of the cervical spine.
The medication and heat treatments which Dr. Hollingshead prescribed for the appellee at this time did not work and the appellee had to come back on several occasions for additional treatments. On one of *1103 these later visits, Dr. Hollingshead referred the appellee to the radiology department of the Jones County Community Hospital for another X ray of the cervical spine. Dr. Hollingshead testified that this X ray revealed a narrowing of the disc space between the fourth and fifth cervical vertebrae, which did not show up on the original X ray. This second X ray was not introduced into evidence and Dr. Hollingshead admitted that he never saw it. His testimony regarding it was based entirely upon the report of the radiologist, a Dr. Bouchillon, who did not testify in the case.
When it was determined that Dr. Hollingshead had not examined the second X ray, proper objection was made by counsel for appellants to further testimony about it by Dr. Hollingshead. However, this objection was overruled by the trial court on the ground that the X ray was made by a medically qualified doctor on a referral basis from Dr. Hollingshead. Apparently the trial court accepted Dr. Hollingshead's determination as to Dr. Bouchillon's qualifications.
Dr. Hollingshead was allowed to testify, in substance, that the narrowing of the disc was caused by the sprain suffered by the appellee in the accident and that this caused him to suffer chronic strain of the neck muscles, which, in turn, caused the discomfort of which the appellee was complaining. Dr. Hollingshead stated that although the deterioration of the disc had not progressed at the time of a third X ray, it might deteriorate further and surgery might be necessary to alleviate the appellee's discomfort at some later point. Dr. Hollingshead apparently did not see this third X ray either, nor was it introduced into evidence.
In Wild v. Bass, 252 Miss. 615, 173 So.2d 647 (1965), the Court stated as follows:
Dr. Salatich's testimony was objectionable for other reasons. Although the court instructed him that he was not to use any information other than the history he had obtained and what he had learned from his own examination in his testimony as to the nature and extent of the injuries, it is apparent from the record that the doctor relied on X-rays and reports from other doctors. The X-rays were not in evidence and none of the other doctors whose reports he considered testified in the case. This becomes an important element in the case for the reason that Dr. Salatich testified that in his opinion appellee received a compression fracture of the fifth vertebra. However, the X-rays taken at the time Dr. Salatich made his examination did not show any such fracture. The only way that Dr. Salatich could have arrived at his conclusion that appellee suffered a fracture would have been facts gathered from other sources. He admitted he took as true what Mrs. Bass told him about the child being run over, and the history that she gave him of the child's actions from the date of the accident until the date of his examination. He also testified that he had reports and X-rays by other doctors which he considered reliable. As an expert he could consider testimony of other doctors properly in evidence and also the result of any X-rays properly in evidence, but he should not have been allowed to base his testimony on reports of other doctors and X-rays not in evidence. (252 Miss. at 627-28, 173 So.2d at 651-52).
It is apparent that the facts of the instant case are virtually identical to those in Wild; therefore, the holding in the instant case is controlled by the rule enunciated in Wild that a "... medical expert should not be allowed to base his opinion on matters not within his own knowledge and not in evidence in the case." (252 Miss. at 628, 173 So.2d at 652).
There are two other assignments of error which deserve mention here, in order that the same errors might be avoided on retrial.
The appellants assert that the trial court erred in allowing Dr. Hollingshead to testify as to possibilities rather than probabilities of the necessity for future surgery and of permanent disability. Appellants cite in support of their argument, the case of Garrett v. Wade, 259 So.2d 476 (Miss. 1972). The appellee seeks to distinguish Garrett from the instant case in that in Garrett, the *1104 issue was not the extent of the injury or the likelihood of the need for future surgery but whether the injuries were caused by the defendant's conduct.
We do not think this distinction has any significance. The general rule is that where it is established that future consequences from an injury to a person will ensue, recovery therefor may be had, but such future consequences must be established in terms of reasonable probabilities. 25 C.J.S. Damages § 31 (1966). This is consistent with the rule governing proof of the causation of the injuries as expressed in Garrett and other cases and we see no reason why a different standard should apply in the two situations.
Appellants also contend that the trial court improperly allowed recovery for the expense incurred by the appellee in renting a car after the repairs on his car were completed and in not requiring proof of the reasonableness of the rental charge.
It appears that the appellee's car remained in the repair shop for three weeks after it was fixed because of a delay by his insurance company in adjusting the claim. In Pelican Trucking Co. v. Rossetti, 251 Miss. 37, 167 So.2d 924 (1964), the Court stated:
The period for which recovery may be had for loss of use is that which is reasonably required for the making of repairs, or that within which the vehicle could be repaired with ordinary diligence. (251 Miss. at 44, 167 So.2d at 927).
Obviously, it follows from this that the appellee may not recover for the loss of use after repairs have been completed.
Finally, it is well settled that there must be proof of the reasonableness of bills for the rental of replacement vehicles. However, such proof must be demanded by the appellants or else it is waived. Pelican Trucking Company, supra, on suggestion of error, 251 Miss. 45, 170 So.2d 573 (1964).
For the foregoing reasons, the cause is reversed and remanded for reconsideration of damages only. Upon remand either party, if desired, may have a trial by jury.
REVERSED AND REMANDED FOR RECONSIDERATION OF DAMAGES ONLY.
PATTERSON, C.J., SMITH, P.J., and ROBERTSON, SUGG, BROOM, LEE and BOWLING, JJ., concur.