ROBERTSON, Justice,
concurring:
The majority suggests that Suman Corporation’s claim for injunction fails because of the weakness of its title to Office Plaza Drive. This strikes me as odd, for I see no weakness. That Suman holds under a quitclaim deed is not a source of weakness. A quitclaim deed conveys title as effectively as a warranty deed. Owen v. Potts, 149 Miss. 205, 211, 115 So. 336, 338 (1928); Chapman v. Sims 53 Miss. 154, 169 (1876); 1 Devlin, Real Estate § 27, p. 42, n. 8 (3d ed. 1911); Miss.Code Ann. §§ 89-1-37, -39 (1972). That the deed excepts identifiable interests is of no concern unless reliance on one of those excepted interests is a necessary predicate to the Court’s granting the injunction Suman demands. McGehee’s reservation of the right to dedicate is not at issue and in no way detracts from the right Suman now asserts. The “subject to” clause yields no deficiency absent identifying a right of independent source in some other party upon which the “subject to” clause may operate. See Thornhill v. System Fuels, Inc., 523 So.2d 983, 1007-08 (Miss.1988) (Robertson, J., concurring). Where then is the “weakness”? The majority never locates any defect in Suman’s record title that renders it inadequate to the task at hand.
Justice Pittman is certainly correct that W.W. Warren may not prevail absent an identification of some legal right of access to and use of Office Plaza Drive that he may enjoy. Nothing in J.B. McGehee’s December 15, 1983, quitclaim conveyance to Suman vests in Warren any rights in the road, nor could it, as Warren was a stranger to that conveyance, see Thornhill v. System Fuels, Inc., 523 So.2d at 1007-08. The majority holds for Warren without identifying the source of his right. This won’t wash.
I see no defect in Suman’s record title adequate to deny it relief. There is, however, a non-record problem, at least in my view. There appears no dispute that record title to the land on which Office Plaza Drive lies rests in Suman. Similarly, the record is clear that McGehee never acted so that the drive be other than a private one. His conveyance to Suman in 1983 refers to it as a “private street or roadway.” What appears undisputed and without question, however, is that the public has used the street continuously since 1965. To my mind this means Office Plaza Drive has become subject to a public easement by prescription. See Joachim v. Villa Santini, Inc., 353 So.2d 767, 768 (Miss.1977); Coleman v. Shipp, 223 Miss. 516, 530-31, 78 So.2d 778, 784 (1955); Armstrong v. Itawamba County, 195 Miss. 802, 814, 816, 817, 16 So.2d 752, 756, 757 (1944); compare McNeely v. Jacks, 526 So.2d 541, 544 (Miss.1988). No doubt our cases reflect and rely upon a history of public maintenance as a factual undergirding of their prescription holdings, see, e.g., Rylee v. State, 106 Miss. 123, 63 So. 342, 343 (1913), but there is no reason on principle why this need always be so. Argument otherwise confuses the familiar with the necessary.
Still, the Chancery Court did not find Office Plaza Drive public by prescription. How this could have been so escapes me, in view of the uncontradicted fact that the public has used the road openly notoriously and visibly, hostilely, under a claim of right, continuously and uninterruptedly for in excess of ten years. The Court below erred manifestly. We have not hesitated where the facts were less clear to honor a claim of adverse possession on appeal, not *1128 withstanding contrary findings by the court below. Trotter v. Gaddis & McLaurin, Inc., 452 So.2d 453 (Miss.1984); see also Gadd v. Stone, 459 So.2d 773 (Miss.1984).[1]
Persons owning property abutting public roads enjoy a right of reasonable access. State Highway Commission of Mississippi v. McDonald’s Corporation, 509 So.2d 856, 861 (Miss.1987); Mississippi State Highway Commission v. Ray, 215 So.2d 569, 571 (Miss.1968); Mississippi State Highway Commission v. Null, 210 So.2d 661, 663 (Miss.1968). Because Office Plaza Drive is public by prescription and because Warren owns property abutting it, he may not be enjoined from reasonable access and use.
Whether Warren’s use of his rights constitute a nuisance such that Suman is entitled to relief is a separate matter. As the court below did not address the point, comment is unnecessary. But see Comet Delta, Inc. v. Pate Stevedore Co., 521 So.2d 857, 862 (Miss.1988) (Robertson, J., concurring).
I concur in affirming the judgment below and denying rehearing.
ROY NOBLE LEE,- C.J., and PRATHER, J., concur in this opinion.
DAN M. LEE, P.J., concurs in the part as to the prescriptive rights of public use.

. That Office Plaza Drive is public for purposes of use and access does not mean that the City of Jackson is required to maintain it.