493 So.2d 380 (1986)
Susan GARCIA
v.
COAST ELECTRIC POWER ASSOCIATION.
No. 55781.
Supreme Court of Mississippi.
August 20, 1986.
*381 Michael B. Holleman, Boyce Holleman, Gulfport, for appellant.
James N. Compton, Carter O. Bise, Bryan, Nelson, Allen, Schroeder & Compton, Biloxi, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and ANDERSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Susan Garcia appeals to this Court from a judgment of the Circuit Court of Hancock County entered against her in favor of Coast Electric Power Association on a suit brought for personal injury damages. She has assigned four (4) errors in the trial below.

I.

THE LOWER COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT, OR, IN THE ALTERNATIVE, A NEW TRIAL ON THE GROUND THAT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
The evidence favorable to the appellee reflects that the accident here involved occurred at Bay Playtime Marina, which is located in Bay St. Louis, Mississippi. The marina provides launching facilities for boats using the Bay of St. Louis and the Mississippi Sound.
Extending across the marina property is a high-voltage line, constructed and owned by appellee. The line runs across the area in front of the boat launch and dips to a height of 29'8 1/2" where the accident occurred. According to appellee's evidence, the area was a parking lot, while appellant claimed that it was a rigging area.
One Larry Massey owned a 21-foot sailboat with a 27-foot mast and trailer. On June 7, 1981, Massey, Cindy Lewis and appellant took the sailboat to the Bay Playtime Marina for the purpose of launching it. Massey's wife, Sandy, met them at the marina. When they arrived, another boat was occupying the launching facility and *382 Massey drove his truck, which pulled the boat and trailer, into another area to rig the sailboat.[1]
Robert Dugger, owner of the marina, testified that the accident occurred in the parking lot area, where the rigging of sailboats was not authorized; that he knew of no prior rigging in the parking lot; and that he would not allow a boat to be rigged there, if he had knowledge of it.
Massey walked from the truck and trailer to the launch slip checking for obstructions. However, he failed to see the power line extending across the parking lot. They then proceeded to raise the mast and, after it was elevated to an upright position, Mrs. Massey saw the power line. Massey directed that the mast be lowered. Appellant was at the front of the boat, attempting to connect the front stay by pulling on it. Instead of being lowered, the mast was brought into contact with the power line. Appellant was electrocuted, rendered unconscious and received second- and third-degree burns on her neck, chest, arms, hands, legs and feet.
After hearing all the evidence, which included testimony of the witnesses, photographs, charts, and exhibits, the jury returned a verdict in favor of appellee.[2]
The principle has been stated numerous times that electricity is a highly dangerous agency and, therefore, the power company which dispenses and sells electricity is under the duty to use the highest degree of care for the protection of the public and individuals. Mississippi Power Co. v. Luter, 336 So.2d 753 (Miss. 1976); Mississippi Power Co. v. Harrison, 247 Miss. 400, 152 So.2d 892 (1963); Delta Electric Power Ass'n v. Burton, 240 Miss. 209, 126 So.2d 258 (1961); Mississippi Power & Light Co. v. Shepard, 285 So.2d 725 (Miss. 1973); Grice v. Central Electric Power Ass'n, 92 So.2d 837, 230 Miss. 437 (1957).
However, the duty and responsibility imposed upon a power company, such as appellee, does not fix liability against it on disputed facts. Liability or non-liability must be determined by the jury, which is the sole judge of the weight of the evidence and credibility of witnesses. Jackson v. Griffin, 390 So.2d 287 (Miss. 1980); Georgia-Pacific Corp. v. Blakeney, 353 So.2d 769 (Miss. 1978); Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975). Further, on the alternative motion for a new trial, the same should be granted only in the exercise of the trial judge's sound discretion when he is convinced the verdict is contrary to the overwhelming or substantial weight of the evidence. Adams v. Green, 474 So.2d 577 (Miss. 1985); Jesco, Inc. v. Whitehead, 451 So.2d 706 (Miss. 1984).
In the case sub judice, the jury resolved the issue of liability against the appellant on disputed facts and, therefore, we must affirm.

II.

THE LOWER COURT ERRED IN GRANTING DEFENDANT'S INSTRUCTION D-8 OVER THE OBJECTION OF THE APPELLANT.
Instruction D-8 told the jury that, if it believed from a preponderance of the evidence, Massey failed to do certain things which the appellee's evidence showed, then Larry Massey was guilty of negligence and if the jury believed from a preponderance of the evidence that such negligence, if any, was the sole proximate cause of injuries sustained by appellant, then the jury verdict should be for appellee. The appellant contends that the present case is not one for the jury to consider sole proximate cause; that appellee had to be guilty of negligence from the maintenance of its lines across the area in violation of the National Electric Safety Code; and that the language in said instruction, viz, "... and *383 at said time and place Larry Massey knew or should have known of the existence of the Coast Electric Power Company high tension line, but nevertheless directed the raising of the sailboat mast in such a manner that the mast contacted the high tension line, ..." was confusing to the jury. Appellant cites Moses v. Central Louisiana Electric Co., 324 F.2d 69 (5th Cir.1963).
We are of the opinion that this argument is misplaced and Moses, supra, is not applicable to the facts of this case. In the case sub judice, the instruction presented to the jury appellee's theory of the defense, which was supported by evidence in its behalf, and was a proper instruction. Monroe County Electric Power Ass'n v. Pace, 461 So.2d 739 (Miss. 1984); Alley v. Praschak Machine Co., 366 So.2d 661 (Miss. 1979); Smith v. Walton, 271 So.2d 409 (Miss. 1973). When all the instructions are read together, we think that the jury was adequately and properly instructed on the issues. McKinnon v. Batte, 485 So.2d 295 (Miss. 1986); Jackson v. Griffin, supra.

III.

THE LOWER COURT ERRED IN OVERRULING APPELLANT'S MOTION IN LIMINE CHALLENGING FOR CAUSE ALL THE VENIREMEN WHO ARE MEMBERS OF COAST ELECTRIC POWER ASSOCIATION.
Attorneys for appellant filed a motion in limine before the trial of this cause, requesting the Court to grant appellant a challenge for cause on each member of the jury panel, who was a user of Coast Electric Power Association's electricity because such juror would have a direct financial interest in the association. Appellant offered to waive the objection for cause challenges, if the appellee would stipulate and permit the jury to be informed that appellee was fully insured and that the verdict in the instant case would not affect the jurors or the defendant financially. The motion was overruled.
Twenty-eight (28) prospective jurors were examined during the voir dire. Of that twenty-eight in number, only seven (7) were asked whether they received electrical service from appellee and six (6) stated that they did. One juror's answer was not audible. Appellant and appellee each exercised two (2) peremptory challenges to excuse four (4) of those jurors and three (3) were accepted on the jury. The remaining nine (9) jurors who were impaneled were not asked about their connection, if any, with appellee. All jurors were asked, and responded, in the affirmative as to whether they could be fair and impartial. Appellant exercised only two of her four peremptory challenges and two remained unexercised.
The main thrust of appellant's contention here is that a potential juror, who is a member of a cooperative association, which is a party to a lawsuit, is per se disqualified from sitting as a juror. Appellant makes no distinction between members of a cooperative and stockholders in a corporation, who ordinarily are not competent to sit as jurors in an action where the corporation is a party, or where it has a direct pecuniary interest. 47 Am.Jur.2d Jury § 325 (1969). Appellant cites Ozark Border Electric Coop v. Stacy, 348 S.W.2d 586 (Mo. App. 1961), which held that it was not necessary for jurors, who are members of a cooperative association interested in the case, to show actual bias before being declared unqualified, since their disqualifying interests arose by reason of the relationship between them and their cooperatives. Under that rule, the remoteness of the interest is not relevant.
There have been cited cases in five states to date upholding the theory set forth in Ozark, supra. In Thompson v. Swanee Membership Corp., 157 G.App. 561, 278 S.E.2d 143 (1978), the court stated that "members of electric membership corporations are disqualified from service as jurors in the trial of a case in which damages are sought against the corporation."
In a largely rural area such as exists in Mississippi, all people outside municipalities are supplied by electrical cooperatives. Any pecuniary gain the customer or member *384 receives is practically nil. Most of those cooperatives have been in existence since the early 1930's, and, in the presentation of this case and the briefs, there has been no citation of a case in the state, which has inclined toward the rule announced in Ozark, supra, and Thompson, supra. Mississippi jurisprudence is not ready to adopt or establish such a rule. We have adequate law and authority which will provide for the obtaining of a fair and impartial jury without such a per se disqualification for cause. Miss. Code Ann. § 13-5-69 to -79 (1972 & Supp. 1985). Belesky v. City of Biloxi, 412 So.2d 230 (Miss. 1981); City of Jackson v. McFadden, 181 Miss. 1, 177 So. 755 (1937).
In the case sub judice, without applying the per se rule, none of the jurors disqualified themselves from the standpoint of bias or interest. Also, we note that:
(1) Appellant only asked three of the twelve jurors selected concerning their association with appellee;
(2) Miss. Code Ann. § 11-7-145 (1972) permits four challenges to each of the parties here and appellant only exercised two of her challenges with two remaining unused;
(3) It was obvious that impaneling a jury in Hancock County without members of Coast Electric would be difficult; (No change of venue was requested)
(4) The trial judge did not abuse his discretion in holding that there was no bias or prejudice to warrant a challenge for cause and was satisfied that a fair and impartial jury could be and was impaneled.
Assignment III is rejected.

IV.

THE LOWER COURT ERRED IN OVERRULING APPELLANT'S MOTION IN LIMINE FOR AN ORDER PROHIBITING THE APPELLEE FROM INTRODUCING THE FACT AND AMOUNTS OF SETTLEMENT BY THE APPELLANT WITH THE TWO COTORTFEASORS.
Prior to trial, attorneys for appellant filed a motion in limine asking the court to prohibit appellee from introducing in evidence or referring to the fact that Larry Massey and Robert Dugger, two codefendants, had settled claims against them by paying the sum of fifty thousand five hundred dollars ($50,500) to the appellant; that, in the alternative, the court apply the amount previously paid, on any verdict returned by the jury, and reduce the verdict by such amount. Toward the end of appellee's case, it attempted to introduce a stipulation that Massey and Dugger had settled out of court with the appellant, but the stipulation was never entered because the appellant declined to do so. Thereupon, appellee called appellant as an adverse witness and showed by her that settlement had been made with Massey and Dugger. During the examination, the following questions and answers were asked and given:
Q. Did you settle your claims against Larry Massey and Robert Dugger? Yes or no.
A. I settled the claim with Larry Massey, he was insured and I settled with him for an amount that he was insured for, Forty-eight Thousand Dollars. And, Robert Dugger had no insurance and he offered me . ..
BY MR. COMPTON: (Interposing) Your Honor, this is not responsive ...
A... . Two Thousand Five Hundred Dollars, and I settled with him.
BY THE COURT: Anything else?
BY MR. COMPTON: That's all, Your Honor.
The record reflects that the attorney for appellee was asking only the question as to whether or not a settlement had been effected with the two co-defendants. The answer telling the amount of the settlement was not responsive to the question asked and was volunteered by the appellant. However, we do not think that the procedure followed by the lower court constituted reversible error.
Attorneys representing plaintiffs and multiple defendants have faced this question *385 for many years and experienced attorneys have had no trouble solving the question. Two different procedures have been used in most jurisdictions of the state.[3] The first procedure is similar to the one used by the lower court here. The defendant may show, either by the plaintiff or proper witnesses, that a settlement has been made with one or more of the defendants and the amount of that settlement. The jury is then instructed that if it returns a verdict for the plaintiff, the amount returned would be reduced by the amount of the settlement made with the plaintiff. In Bogdahn v. Pascagoula Street Railway and Power Co., 118 Miss. 668, 79 So. 844 (1918) and Wood v. Walley, 352 So.2d 1083 (Miss. 1977), a question and procedure similar to the case sub judice, although not on the precise point, was discussed.
The second procedure followed in other jurisdictions is for the parties, outside the presence of the jury, to stipulate that a settlement has been made, or is being made by one or more of the defendants, and the amount of the settlement. The jury would not be informed of the settlement or the payment, and, if a verdict were returned for the plaintiff, the trial judge would reduce the amount of the award by the amount of the settlement. In Jackson v. Johns-Manville Sales Corp., 727 F.2d 506 (5th Cir.1984), the Fifth Circuit Court of Appeals had the following to say about the problem:
The purpose of the Mississippi rule is to prevent double recovery. Daves v. Reed, 222 So.2d 411, 416 (Miss. 1969). The district court accomplished this purpose by deducting the amount of the settlements from the jury's award. The jury could have been misled and confused by settlement amounts for atypical minor claims. If the court had let in the amounts of the settlements, it would have been fairly obliged to explain to the jury the nature of the claims, how they compared with the claims here, and other factors too complicated to make such a comparison practicable. The disclosure of the fact of the settlements without amounts prejudiced no one, since the jury may have speculated whether settlement amounts were high or low.
727 F.2d at 531-532.
Apparently, most plaintiffs would prefer the second mentioned procedure. On the other hand, we fail to see where the procedure used in the case sub judice would prejudice or harm a defendant. Jurors are not unreasonable and they are smarter than many people think. They might suspect that a settlement had been made as to other defendants and might feel that plaintiff had been fully compensated, which would react to the plaintiff's detriment.
While we do not think that either course should constitute reversible error, we incline to the second procedure as being the more logical and as resulting in a fairer disposition of the case, all facts and circumstances being considered.
There being no reversible error in the trial below, the judgment is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.
NOTES
[1] The rigging operation was to raise the mast, which lay in a horizontal position along the sailboat, to an upright position and to prepare it, the sails and rigging for sailing the boat.
[2] Defendants in the suit included Robert Dugger, owner of the marina, and Larry Massey. Appellant settled those claims for a total sum of fifty thousand five hundred dollars ($50,500).
[3] There may be more.