# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CA-00338-SCT

*MALISSA L. ROBLES, A MINOR, BY AND THROUGH*
*HER GENERAL GUARDIAN, KATHLEEN V. ROBLES*

*v.*

*GOLLOTT AND SONS TRANSFER AND STORAGE,*
*INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | AUGUST 24, 1994 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | E. FOLEY RANSON |
| ATTORNEYS FOR APPELLEE: | JOHN B. EDWARDS, II |
| | ROBERT W. WILKINSON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 6/19/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/10/97 |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. This is an appeal from the Jackson County Circuit Court wherein Malissa L. Robles, the plaintiff, alleged Gollott & Sons Transfer & Storage, Inc. unfairly prejudiced the jury by informing the jury of Robles's settlement with a co-defendant prior to trial. Circuit Court Judge Kathy King Jackson overruled Robles's objection. The jury returned a verdict for the defendant. Subsequently, Robles filed a motion for J.N.O.V. or a new trial, which was denied by the trial court.

¶2. Aggrieved by the disposition below, the appellant asks that the following issue be considered:

## STATEMENT OF THE ISSUE

## I. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE DEFENDANT TO

**MAKE THE JURY AWARE THAT THE PLAINTIFF HAD SETTLED WITH A CO-DEFENDANT PRIOR TO THE TRIAL?**

## STATEMENT OF THE FACTS

¶3. On August 3, 1989, an automobile, in which Robles was a guest passenger, driven by Katherine Michelle Perkins, collided with a truck owned by Gollott & Sons Transfer and Storage, Inc. Robles sustained injuries and filed suit against Perkins and Gollott & Sons. Perkins also filed suit against Gollott & Sons for her injuries.

¶4. Prior to trial, Robles entered into a settlement agreement with Perkins. Also, Robles stated that Perkins and Gollott & Sons settled the day before trial was to begin. Therefore, Gollott & Sons was left as the only defendant at trial.

¶5. During opening statement by Gollott & Sons' counsel, Robles objected to the jury being informed that Robles had also sued Perkins and alleged Perkins to have been negligent in causing the accident. The objection was overruled.

¶6. During cross-examination, Robles admitted she had sued Perkins and alleged Perkins to have been negligent. However, Robles's counsel did not object at this time.

¶7. The jury returned a verdict for Gollott & Sons. Robles filed a motion for J.N.O.V., or in the alternative a new trial, which was denied.

## DISCUSSION OF THE ISSUE

### I. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE DEFENDANT TO MAKE THE JURY AWARE THAT THE PLAINTIFF HAD SETTLED WITH A CO-DEFENDANT PRIOR TO THE TRIAL?

¶8. Robles contends the trial court committed reversible error by allowing defense counsel to inform the jury that a co-defendant was no longer subject to the trial proceedings. Although defense counsel did not state Robles and Perkins had settled their lawsuit, Robles contends the jury would infer a settlement had been made and that Robles was now seeking a second recovery for her injuries.

¶9. The Mississippi Supreme Court has previously addressed this same issue. In *Whittley v. City of Meridian*, 530 So. 2d 1341, 1346 (Miss. 1988), this Court stated:

> *Garcia v. Coast Electric Power Association*, 493 So. 2d 380, 385 (Miss. 1986) recognizes that there are two acceptable procedures used to determine the damages due to a plaintiff where co-defendants are involved and one co-defendant has settled with the plaintiff. The first procedure, similar to the one used at trial in the instant case, allows the defendant to show, either by the plaintiff or proper witnesses or evidence, that a settlement has been made with one or more of the defendants and the amount of that settlement. The jury is then instructed that if it returns a verdict for the plaintiff, the amount returned would be reduced by the amount of the settlement made with the plaintiff by the other defendant. *Bogdahn v. Pascagoula Street Railway and Power Co.*, 118 Miss. 668, 79 So. 844 (1918) and *Wood v. Walley*, 352 So. 2d 1083 (Miss.

1977).

The second acceptable procedure allows the parties to stipulate, outside of the presence of the jury, that a settlement has been made by one or more of the defendants and the amount of the settlement. The jury would not be informed of the settlement or the payment, and, if a verdict were returned for the plaintiff, the trial judge would reduce the amount awarded by the jury by the amount of the settlement by the other defendant or defendants.

This Court, in *Garcia*, recognized the second procedure to be the most preferable but stated that the use of either procedure would not constitute reversible error. *Garcia* at 385.

We hereby modify *Garcia* and hold that the first procedure wherein the jury is informed of the amount of settlement is not acceptable. To inform a jury of the amount of a settlement prior to its returning a verdict for a joint tort feasor or co-defendant would certainly unnecessarily influence a jury in its decision. It is unreasonable to believe that a jury which had been informed that a settlement of $2,544,275 had been entered into by the plaintiff would not be affected in returning its verdict. The tendency to determine that the plaintiff had already been adequately compensated would be too tempting. Such temptation can easily be prevented by use of the procedure wherein the jury is informed of the existence of a settlement but not the amount of settlement (if settlement occurs after trial begins then it will be necessary to inform the jury why the defendants are no longer present). If the jury returns a judgment in excess of the settlement the judge can simply adjust the judgment by the amount of the settlement.

¶10. In the case sub judice, defense counsel did not inform the jury of a settlement nor the amount of the settlement between Robles and Perkins. Although the procedure used by the trial court is not the preferred method, it nevertheless has long been acceptable by this Court. Therefore, the trial judge did not err and this issue is without merit.

## CONCLUSION

¶11. This Court has long recognized two acceptable procedures used to determine the damages due to a plaintiff where co-defendants are involved and one co-defendant has settled with the plaintiff. The trial court followed one of these accepted procedures and therefore, the trial court did not commit reversible error.

¶12. **JUDGMENT IS AFFIRMED.**

**LEE, C.J., PRATHER, P.J., PITTMAN, SMITH AND MILLS, JJ., CONCUR. PRATHER, P.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY BANKS, J. BANKS, J., CONCURS WITH SEPARATE WRITTEN OPINION. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

**PRATHER, PRESIDING JUSTICE, CONCURRING:**

¶**13.** I concur with the majority opinion. I write separately to note a misstatement in dicta in the

recent case of ***McBride v. Chevron***, 673 So.2d 372 (Miss. 1996), which, like the instant case, interpreted ***Whittley*** in the context of a settlement with a co-defendant prior to trial. This misstatement is found in dicta on page 379 of said opinion, in which this Court, citing MCA § 85-5-1, wrote that a non-settling defendant has a right of contribution against a fellow joint tortfeasor who reaches a settlement with the plaintiff prior to trial. In reality, the traditional rule in this State has been that contribution among joint tortfeasors is unavailable absent a joint judgment among said tortfeasors. See: MCA § 85-5-5 (repealed).

¶14. The legislature recently passed MCA § 85-5-7, and this statute, as opposed to § 85-5-1, is controlling in the instance of contribution among joint tortfeasors. There has been some discussion among commentators as to whether this statute would grant a right of contribution among joint tortfeasors absent a joint judgment, but this Court has issued no holding in this regard to date. See: "1989 Tort Reform in Mississippi" by H. Wesley Williams. 13 **Miss. C.L. Rev.** 133, 168 (expressing the view that no such right of contribution is granted by the statute).

¶15. The issue of contribution among joint tortfeasors was not before this Court in ***McBride***, and that decision's central holding adopting the settlement-first method remains sound. I would, however, correct the aforementioned dicta relating to contribution in order to prevent confusion regarding the true state of our jurisprudence in this regard.

**BANKS, J., JOINS THIS OPINION IN PART.**

**BANKS, JUSTICE, CONCURRING:**

¶16. I concur in the result reached by the majority. I write separately to note two concerns. First, I do not agree with the suggestion implied by the majority that there remain two acceptable methods for dealing with the fact of a settlement with another party with respect to the trial jury. The only method is that the fact and amount of settlement are matters to be dealt with by the court outside the presence of the jury. ***Whittley v. City of Meridian***, 530 So. 2d 1341, 1346 (Miss. 1988). The reference by the majority to the "preferred" method in contrast to the "long...acceptable" method "used by the trial court" here is, I believe, misleading.

¶17. What we have here is not a question dealing with a settlement at all. Our case involves a jury being informed that the plaintiff has made, through pleadings in another cause, an assertion of fact inconsistent with the assertions made here. The question then is not how the fact of settlement should be handled. The question is whether pleadings in another cause are matters available for use against a litigant in the nature of inconsistent statements. The question is whether a litigant is deemed to have adopted all allegations made in pleadings filed on behalf of the litigant, where, perhaps, the evidentiary basis for the allegations is beyond the scope of knowledge of the litigant. Because that is not the issue raised by Robles, I will save discussion of it until another day.

**McRAE, JUSTICE, DISSENTING:**

¶**18.** Because the inclusion of testimony regarding a previous lawsuit against Perkins and inference of a settlement was totally irrelevant to the issues being tried in this case, I dissent.

¶19. This is a case in which the plaintiff, Robles, sued two defendants--Perkins, the driver of the car,

and Gollott and Sons--with Perkins and Robles settling before trial. Here, the jury was not specifically made aware of a settlement between Robles and Perkins. Nevertheless, based on the testimony from Robles, which was drawn out by the defense, the jury could clearly infer that Perkins had settled her part of the case. Further, Gollott and Robles, after the settlement, agreed that if a judgment came in excess of $45,000, Gollott would take a credit in the amount of the settlement. With the defendant stipulating that it could use the settlement to decrease the amount of the judgment, it reasons that existence of a settlement should never have been mentioned in front of the jury.

¶20. As this Court previously stated in *McBride v. Chevron, U.S.A.*, 673 So. 2d 372 (Miss. 1996), "[o]ur law favors settlement for many reasons, not the least of which includes the expeditious closure of cases." *McBride*, 673 So. 2d at 379. Nevertheless, this trial should only have concerned whether or not Gollott and Sons was negligent; whether another defendant settled before trial should have never come up during questioning. The case sub judice is not like a case where several defendants go to trial and one settles in the middle of trial. Rather, there was a deliberate design by the defense to inject extraneous issues into the case that would be prejudicial and entirely in violation of M.R.E. 403. Beginning with its opening statement, the defense injected the issue of a prior lawsuit by Robles, to which the plaintiff quickly objected. The trial judge erred by overruling the plaintiff's objection, because the existence of a prior lawsuit was totally irrelevant to the issues being tried. The judge erred even further by allowing the defense to continue along the same lines during cross-examination of Robles, forcing her to reveal that she had also sued Perkins initially. The defense should not have been allowed to prove what it said in its opening statement, because what it said in the opening should have been excluded in the first place.

¶21. If we have a policy of "settlement first," as we announced in *McBride*, a non-settling defendant has no need to mention to the jury that someone else had been sued, much less to display a blowup of the complaint that alleged negligence on the part of the settling defendant. Requiring the plaintiff to bring out the fact that someone else was sued and that negligence of a settling defendant contributed to her injury was simply prejudicial. "It is the view of this Court that a defendant whose negligence has been found to have proximately caused injury to another person should not be allowed to escape liability for his negligence by the fortuity that a co-defendant has settled prior to trial. *McBride*, 673 So. 2d at 380. Actions such as those by the defense in this case violate the spirit of *McBride* and our policy of encouraging settlement, and I therefore dissent.

**SULLIVAN, P.J., JOINS THIS OPINION.**