**6/3/97**

IN THE COURT OF APPEALS

OF THE

STATE OF MISSISSIPPI

NO. 95-CA-01158 COA

SANDRA L. GAINEY, INDIVIDUALLY AND

AS NATURAL MOTHER AND NEXT

FRIEND OF AMANDA FAYNELL GAINEY,

A MINOR, AND AS EXECUTRIX OF THE

ESTATE OF PHILLIP J. GAINEY APPELLANT

v.

MISSISSIPPI POWER AND LIGHT COMPANY APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. JAMES E. GRAVES, JR.

COURT FROM WHICH APPEALED: HINDS COUNTY CIRCUIT COURT

ATTORNEYS FOR APPELLANT: WAYNE E. FERRELL, JR.

CHAD CABLE

JAMES WARREN NOBLES, JR.

ANGELO DORIZAS

ATTORNEY FOR APPELLEE: NATIE P. CARAWAY

NATURE OF THE CASE: CIVIL: WRONGFUL DEATH

TRIAL COURT DISPOSITION: JURY VERDICT FOR M.P. & L.

MOTION FOR REHEARING FILED:6/18/97

CERTIORARI FILED: 8/13/97

BEFORE THOMAS, P.J., COLEMAN, AND KING, JJ.

KING, J., FOR THE COURT:

The Hinds County Circuit Court denied Appellant's post-trial motions for jnov and new trial after a jury determined that the Appellee was not liable for the death of Appellant's husband, Phillip Gainey. Aggrieved, the Appellant appeals and contends that the court should have granted her request for a peremptory instruction or motion for jnov because the Appellee's conduct constituted negligence per se. We find no error and affirm.

## FACTS

On or about November 28, 1988, G&L Contractors commenced the replacement of a box culvert with a larger box bridge structure on Highway 80 between the cities of Flowood and Brandon. Prior to G&L's commencement of the project, the Mississippi State Highway Department forwarded notice to the Appellee pursuant to section 45-15-1 of the Mississippi Code. The notice advised Appellee that the functions and activities performed by G&L at the construction site could reasonably require persons, equipment, or parts of tools to come within ten feet of the Appellee's high voltage lines. The notice further asked the Appellee to confer with representatives of G&L on whether additional safety measures would be implemented by either G&L or the Appellee. According to the notice, G&L agreed not to perform any functions or activities until satisfactory arrangements were made concerning the avoidance of contact with the high voltage lines.

G&L commenced work on the project two days prior to conferring with the Appellee on the necessity of additional safety measures. On December 1, 1988, G&L's representative, David Moon met with Appellee's engineer, Allen East at the construction site. After reviewing the construction site and conferring with Moon, East determined that the worked performed by G&L would not require G&L's equipment or personnel to come within ten feet of the high voltage lines. Moon agreed and signed an agreement promising to comply with the code's provisions concerning the performance of work in proximity to high voltage power lines.

G&L's replacement of the box bridge structure required it to divert the flow of traffic along Highway 80; therefore, cement lane barriers were placed along Highway 80. The lane barriers remained in place for the majority of the project's duration. Then, on July 29, 1989, G&L instructed two of its employees, Phillip Gainey and Jessie Franklin to remove the cement lane barriers. A crane, operated by Franklin, was used to lift the cement barriers. During the removal of the barriers, Franklin indicated to Gainey that the sun prevented him from seeing Appellee's power lines. Gainey responded by watching the power lines and directing Franklin's maneuvering of the crane. Several of the cement barriers were removed and loaded onto a truck without incident. Then, Franklin came into contact with one of the high voltage wires just as Gainey had grasped the crane's chain to attach to one of the barriers. Gainey was electrocuted and subsequently died.

After the parties' presentation of evidence, the Appellant requested a peremptory instruction directing

the jury to find against the Appellee on the issue of liability. Appellant's request for the peremptory instruction was based upon its presentation of evidence suggesting that the Appellee violated provisions of the National Electrical Safety Code (NESC), which require utilities to maintain power lines so as to reduce hazards to life as far as practicable. Appellant's request for the peremptory instruction and subsequent motions for jnov or new trial were denied.

## ANALYSIS OF THE ISSUE AND DISCUSSION OF THE LAW

The Appellant contends that the trial court erred by refusing to grant the requested peremptory instruction or motion for judgment notwithstanding the verdict because Appellee's violation of the NESC constituted negligence per se. Failure to comply with provisions of the NESC does constitute negligence. *Mississippi Power Co. v. Luter,* 336 So. 2d 753, 756 (Miss. 1976). However, proof of negligence alone affords no basis for recovery of damages unless it further appears from direct evidence or reasonable inference that such negligence proximately contributed to the damage. *Tombigbee Electric Power Ass'n v. Gandy,* 62 So. 2d 567, 568 (Miss. 1953). The Appellee's violation of the NESC would not result in the imposition of liability unless the violations proximately contributed to the death of Gainey.

Evidence concerning the proximate cause of Gainey's death was in dispute. Besides the NESC violations, evidence indicated that Gainey's employer failed to advise the Appellee that employees and equipment would be performing operations in the location where the accident occurred. Evidence also suggested that Gainey's attention might have been diverted because he was anxious to see a brother, who was visiting from out of town. When the facts concerning a power company's duty or responsibility are disputed, like the present case, the jury must determine liability or non-liability. *Garcia v. Coast Elec. Power Ass'n,* 493 So. 2d 380, 382, (Miss. 1986).

In the instant case, the question of liability was resolved against the Appellant. Consistent with our standard of appellate review, we accord deference to the jury's determination. Because the issue was for the jury to determine, we find that the trial court correctly denied the peremptory instruction and motion for jnov. Accordingly, we affirm the judgment.

**THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HINKEBEIN, PAYNE, AND SOUTHWICK, JJ., CONCUR. HERRING, J., NOT PARTICIPATING.**